THE CITY OF SYRACUSE, Respondent, *v.* RICHARD M. STACEY
et al., Appellants.

1. SKANEATELES LAKE — RIPARIAN OWNERS ON OUTLET HAVE NO TITLE
TO THE CORPUS OF THE WATER. Assuming, but not deciding, that riparian
proprietors on the outlet of Skaneateles lake who have built up mills and
factories thereon, understanding that the dam there was to remain and
be maintained at a specified height, have an interest in and a right to
have all of the waters tributary to the lake stored therein and so dis-
charged as to give them a uniform supply of water "for mill purposes"
during all the seasons of the year, they have no title to the water of the
lake or right to divert or sell it.

2. CONDEMNATION PROCEEDINGS BY CITY OF SYRACUSE — MEASURE OF
DAMAGES. Where, therefore, in condemnation proceedings instituted by

the city of Syracuse under chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, which authorized it to condemn and acquire all the water rights of the riparian owners on the outlet of the lake, an award which is made upon the basis of the difference in value of the affected properties with and without the rights condemned, but allows nothing for the value of the right to the water of the lake, or of the right to sell or divert it, is properly made for the reason that the water rights sought to be condemned and acquired did not and could not include such rights.

*City of Syracuse* v. *Stacey*, 45 App. Div. 249, affirmed.

(Argued November 22, 1901; decided December 20, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 6, 1899, which affirmed an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*David B. Hill, Charles A. Hawley* and *George Barrow* for Richard M. Stacey et al., appellants. The defendants, together with other riparian proprietors on the outlet of Skaneateles lake, collectively, or as tenants in common, were the owners in perpetuity of a complete reservoir capable of storing therein all the yield of the watershed of said lake, which constituted property of great value to them and to the public, which value was a marketable value capable of ascertainment; and such property was not only capable of being acquired in condemnation proceedings, but was herein so acquired from such proprietors and the title thereto is now vested in the plaintiff. (*Sweet* v. *City of Syracuse*, 129 N. Y. 317; 60 Hun, 28; *Matter of Vil. of Olean* v. *Steyner*, 135 N. Y. 341; Taylor on Priv. Corp. § 172; *Waller* v. *State*, 144 N. Y. 579; *L. P. Co.* v. *State*, 15 App. Div. 169; *Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122; *Lahr* v. *M. Ry. Co.*, 104 N. Y. 268; Lewis on Em. Dom. §§ 54, 441.) The defendants, together with such other riparian proprietors on the outlet, being the owners in perpetuity of such reservoir and collectively or as tenants in common owners of the right

to use the same for the purpose of storing therein all the yield of its watershed and of the right to prevent the discharge thereof into the outlet, were owners of the right to divert the same therefrom. Such right constitutes property, and was capable of being conveyed and vested in a purchaser by deed, and it was, therefore, capable of being acquired in condemnation proceedings, and each and every individual proprietor on the outlet could sell and convey his individual interest in such property and give a good title thereto, while the interest of each individual proprietor was capable of being acquired separately in condemnation proceedings instituted for that purpose. (Lewis on Em. Dom. § 441; *Matter of Vil. of Olean* v. *Steyner*, 135 N. Y. 341.) The defendants were owners of "water power rights" on the outlet created by such storage reservoir and the right of storage therein, which were capable of being measured as to extent, quantity and dimensions, and the same constituted property capable of being valued, property capable of being extinguished in condemnation proceedings, and the rights owned by each separate proprietor were capable of being extinguished separately. (*Clinton* v. *Myers*, 46 N. Y. 511.) The compensation to which the owner is entitled for property appropriated to the public use is, *first*, the value of that property, and, *second*, the damage, if any, which the taking shall do to property not taken. (Lewis on Em. Dom. §§ 463, 464, 471; Mills on Em. Dom. § 116; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199; *Bohm* v. *Met. El. R. Co.*, 129 N. Y. 576; *Odell* v. *N. Y. El. R. R. Co.*, 130 N. Y. 690; *Bookman* v. *N. Y. El. R. R. Co.*, 137 N. Y. 302; *Matter of B. El. R. R. Co.*, 55 Hun, 165; 6 Am. & Eng. Ency. of Law [1st ed.], 571, 572.) In ascertaining the value of property taken for a public use, all the capabilities of the property and all the uses to which it may be applied, or for which it is adapted, are to be considered, and not merely the condition which it is in at the time and the use to which it is then applied by the owner. (Lewis on Em. Dom. § 168;

Mills on Em. Dom. § 168; *Matter of Furman St.*, 17 Wend. 649; *Boom Co.* v. *Patterson*, 98 U. S. 403; *Matter of N. Y., L. & W. Ry. Co.*, 27 Hun, 116; *Matter of Trustees Vil. College Point* v. *Dennett*, 2 Hun, 669; *Matter of Gilroy*, 85 Hun, 424; *Haslin* v. *Col. R. R. Co.*, 64 Ill. 352; *Miss. Bridge Co.* v. *Ring*, 58 Mo. 491; *L. R. Co.* v. *Woodruff*, 49 Wis. 381; *Wellington* v. *Bennett*, 59 Ga. 286.) The rule of law which the commissioners adopted as the measure of compensation, in view of the property and rights owned by the defendants and condemned in this proceeding, even if such right was the single right to use the water which should flow over their premises, was an erroneous principle of law, as unauthorized as it was unjust. (*U. S.* v. *G. F. Mfg. Co.*, 16 Ct. Cl. Rep. 160; 112 U. S. 645.) The defendants were entitled to the value which the property appropriated possessed, after it had been appropriated, as of something which had been severed and separated from their premises, rather than as of something forming a part of such premises to be valued with them. (*Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199; Lewis on Em. Dom. [2d ed.] 233, 234; *Matter of Vil. Olean* v. *Steyner*, 135 N. Y. 341; *L. I. R. R. Co.* v. *Garvey*, 159 N. Y. 334; *Langdon* v. *Mayor, etc.*, 133 N. Y. 628.) That no single individual proprietor could have conveyed or granted to a municipal or private corporation the use of all this water, nor to any corporation or individual its entire use for power or manufacturing purposes, cannot be made an argument in support of the rule adopted by the commissioners. (*Matter of Daly*, 88 Hun, 188; Lewis on Em. Dom. § 483; *Wiggin* v. *Mayor, etc.*, 9 Paige, 16; *Burt* v. *M. Ins. Co.*, 109 Mass. 1; *Matter of Trustees N. Y. & B. Bridge*, 137 N. Y. 95.) The judgment rendered in the proceedings was binding and conclusive upon the commissioners, and as they were charged with but one duty under it, they were obligated to perform that duty and no other. Such duty they did not perform. (Code Civ. Pro. § 3370.) If the principle of compensation adopted by the commissioners was correct, it was one which wholly changed the rules of evidence and

opened the door to the receipt of evidence which otherwise might have been incompetent. (*Cameron* v. *Charing Cross Railway Co.*, 16 C. B. [N. S.] 430; *Riply* v. *N. Ry. Co.*, L. T. [N. S.] 869; *Edwards* v. *Boston*, 108 Mass. 535; *Matter of N. Y., L. & W. Ry. Co.*, 102 N. Y. 704.) The rule or principle of compensation adopted by the commissioners was erroneous, because it required them to ascertain the value of property which did not exist and whose value neither they nor anybody else could determine without speculation; and if this proposition is not correct it was fatal error for the commissioners to receive expert opinions of such value of property, and especially the opinions of witnesses who were not experts. (*Roberts* v. *N. Y. El. R. R. Co.*, 128 N. Y. 455; *Jefferson* v. *N. Y. El. R. R. Co.*, 132 N. Y. 483; *McGean* v. *M. Ry. Co.*, 117 N. Y. 219; *Doyle* v. *M. Ry. Co.*, 128 N. Y. 488; *Gray* v. *M. Ry. Co.*, 128 N. Y. 499; *S. A. R. R. Co.* v. *M. El. Ry. Co.*, 138 N. Y. 548.) The judgment condemns, takes and appropriates all the property and rights which it describes, and neither the commissioners appointed to ascertain the just compensation which should be awarded to the defendants therefor, nor the courts called upon to review the action of the commissioners, were, or are, authorized to assume or consider any other condition than that which is presented by the judgment. (*Howe* v. *Weymouth*, 148 Mass. 606; *Proprietors of Mills* v. *Randolph*, 157 Mass. 321; *Mills* v. *Windsor Water Co.*, 148 Penn. St. 440; *Lehigh Valley R. R. Co.*, v. *McFarlane*, 43 N. J. L. 605; *Delaware, etc., R. R. Co.* v. *Burson*, 61 Penn. St. 369.) The commissioners having adopted and having proceeded upon an erroneous principle of law, defendants are entitled to a reversal of the order of confirmation without regard to the sufficiency or insufficiency of the awards. (*Matter of Furman St.*, 17 Wend. 651; *Matter of Thompson*, 45 Hun, 261; *Matter of Gilroy*, 78 Hun, 260.)

*David B. Hill* and *Edwin Nottingham* for Skaneateles Paper Company et al., appellants. The compensation to which

the defendants are entitled in this proceeding is, *first,* the value of the property taken from them or condemned; and, *second,* the damages which have resulted from the taking or condemnation to their remaining property affected thereby. The commissioners of appraisal erroneously refused to award defendants any compensation for property taken or condemned. (*Henderson* v. *N. Y. C. R. R. Co.,* 78 N. Y. 423; *Newman* v. *M. El. Ry. Co.,* 118 N. Y. 618; *Bohm* v. *M. El. Ry. Co.,* 129 N. Y. 576; *Bookman* v. *N. Y. El. R. R. Co.,* 137 N. Y. 302; *Matter of B. El. R. R. Co.,* 55 Hun, 165; Lewis Em. Dom. [2d ed.] 1023, § 471a; Code Civ. Pro. §§ 3358–3360; *Long* v. *H., etc., R. Co.,* 126 Penn. St. 143; *Fisher* v. *B. Gas Co.,* 138 Penn. St. 301; *Sitzler* v. *P. & S. V. R. Co.,* 112 Penn. St. 56; *Sutro* v. *M. Ry. Co.,* 137 N. Y. 592; *Bischoff* v. *N. Y. El. R. R. Co.,* 138 N. Y. 257; *Saxton* v. *N. Y. El. R. R. Co.,* 139 N. Y. 320.) The defendants were entitled to have their property valued upon a consideration of all the uses for which it was adapted and available, that is, all the uses to which it might be put by any one. The commissioners of appraisal erroneously refused, in ascertaining the compensation awarded defendants, to consider the adaptability and availability of their property, or its value, for its most valuable use, or to award them compensation upon the basis of its value for its most valuable use. They erroneously refused to consider any use to which the property could be put except the uses to which defendants themselves could put it. (*Boom Co.* v. *Patterson,* 98 U. S. 403; *U. S.* v. *G. F. Mfg. Co.,* 16 U. S. Ct. Claims, 160; affd., 112 U. S. 645; *Matter of N. Y., L. & W. Ry. Co.,* 27 Hun, 116; *Matter of Trustees Vil. of College Point* v. *Dennett,* 5 T. & C. 217; 2 Hun, 669; *Matter of Gilroy,* 85 Hun, 426; *Little Rock Junction* v. *Woodruff,* 49 Ark. 381; *Young* v. *Harrison,* 9 Ga. 359; 17 Ga. 30; *Haslam* v. *G. & S. W. R. Co.,* 64 Ill. 353; *Hyde Park* v. *W. T. Co.,* 117 Ill. 233; *S. D. L. & T. Co.* v. *Neagle,* 78 Cal. 63.) The commissioners erroneously excluded from consideration in ascertaining the compensation or damages awarded defendants the availability and value of this reservoir

for any purpose except possibly for use in connection with defendants' premises on the outlet for creating power thereon, and so erroneously excluded from consideration the value of the reservoir, and, hence, defendants' property therein, for uses for which it was available, and for which it was most valuable. (*Clinton* v. *Myers*, 46 N. Y. 511; *L. P. Co.* v. *State*, 15 App. Div. 169; *Belknap* v. *Trimble*, 3 Paige, 577; *Matthewson* v. *Hoffman*, 77 Mich. 420; *Townsend* v. *McDonald*, 12 N. Y. 381; *Shepardson* v. *Perkins*, 58 N. H. 354; *Ford* v. *Whitlock*, 27 Vt. 265.) The right of use of the water off from the land on the outlet, which includes the right to divert, constituted valuable property owned in part by defendants, and acquired from them in this proceeding. The commissioners erroneously refused to take into consideration the value of the use of the water off from defendants' premises, or for other purposes than those to which defendants might apply it on their premises. (*Lawrence* v. *Whitney*, 115 N. Y. 410; *United States* v. *G. F. Mfg. Co.*, 16 U. S. Ct. Claims, 160; 112 U. S. 645; *Matter of Trustees Vil. College Point* v. *Dennett*, 5 T. & C. 217; 2 Hun, 669; *Matter of Gilroy*, 85 Hun, 424.) Assuming that water power is the property, and the only property taken, condemned in this proceeding, and that the acquisition of the reservoir and of the water collected and stored therein is only incidental to the condemnation of the water power, the commissioners of appraisal erroneously refused to award defendants any compensation for property taken, and erroneously refused to consider the value of the property taken for any use other than that to which defendants were then putting it on their lands on the outlet. (*Howe* v. *Weymouth*, 148 Mass. 605; *Miller* v. *W. Water Co.*, 148 Penn. St. 429; *Cummins* v. *D., M. & St. L. Ry. Co.*, 63 Iowa, 397.) Assuming that the compensation to which defendants were entitled was only the difference in value of their affected property with and without the rights condemned, consequential damages, as held by the commissioners, still they were entitled to have their property valued both with and without the rights

condemned and their damages ascertained upon the personal
view of the commissioners, and such admissible evidence as
they and plaintiff saw fit to offer; the commissioners had no
legal right to refuse to receive or consider competent or
material evidence offered by defendants, and in refusing to
receive and consider such evidence they erroneously deprived
defendants of a substantial legal right. The commissioners
had no right to limit the evidence upon the value of defend-
ants' properties as they did to the opinions of witnesses, and
by such limitation of the evidence they deprived defendants
of a substantial legal right. (*Perkins* v. *State*, 113 N. Y. 660;
*A. T. & S. F. R. Co.* v. *Schrierder*, 127 Ill. 144; *Matter of N.
Y., L. & W. Ry. Co.*, 29 Hun, 1; *Matter of City of Rochester*,
40 Hun, 588; *T. & B. R. R. Co.* v. *N. T. Co.*, 16 Barb. 100;
*Hawkins* v. *City of Fall River*, 119 Mass. 94; *Sanitary Dis-
trict* v. *Loughran*, 160 Ill. 362, 365; *Nat. D. Ry. Co.* v. *Pa. R.
Co.*, 57 N. J. L. 265; *Lee* v. *S. W. Co.*, 176 Penn. St. 223.)
Assuming that the only compensation to which defendants
are entitled is the difference in value of their affected prop-
erty, with and without the rights condemned, or consequential
damages, the commissioners erroneously refused to receive the
evidence offered by defendants of the present value of the
dams and other structures on their premises, for utilizing the
water for power, and of the mill and other buildings, on their
premises, or of the cost of reproducing those structures and
buildings in their then condition, and also erroneously refused
to receive the evidence offered by defendants of the net earn-
ings or profits resulting from the operation of the properties for
a number of preceding years. (*Sloan* v. *Baird*, 12 App. Div.
481; *People ex rel.* v. *Weaver*, 34 Hun, 321; *People ex rel.*
v. *Pond*, 13 Abb. [N. C.] 1; *People ex rel.* v. *Kalbfleisch*, 25
App. Div. 432; *People ex rel.* v. *Keator*, 36 Hun, 592; *People
ex rel.* v. *Hicks*, 40 Hun, 598; 105 N. Y. 198; *People ex
rel.* v. *Barker*, 48 N. Y. 70; *Smith* v. *Mayor, etc.*, 68 N.
Y. 552; *People ex rel.* v. *Dolan*, 126 N. Y. 166.) The com-
missioners erroneously refused to receive and consider the
evidence offered by the defendants of the cost of installing,

maintaining and operating, at their paper mill properties, steam power plants of a capacity equal to the water powers condemned, except upon the value of the properties without the rights condemned. (*Howe* v. *Weymouth*, 155 Mass. 439; *Butler Rubber Co.* v. *Newark*, 61 N. J. L. 32; *Lee* v. *Springfield Water Co.*, 176 Penn. St. 223.) The commissioners erred in receiving the opinions of plaintiff's witnesses upon the value of defendants' properties without the rights condemned. (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 N. Y. 31; *Roberts* v. *N. Y. El. R. R. Co.*, 128 N. Y. 455; *Hunter* v. *M. Ry. Co.*, 141 N. Y. 281; *Pratt* v. *N. Y. C. & H. R. R. R. Co.*, 77 Hun, 139; *Schmidt* v. *N. Y. El. R. R. Co.*, 2 App. Div. 481.) The commissioners erred in failing to award defendants any damages for depreciation in the value of that portion of their affected property not described in the judgment of condemnation. (*Ripley* v. *G. N. R. R. Co.*, L. R. [10 Ch. App.] 435.)

*Thomas Hogan, E. N. Wilson* and *Melven Z. Haven* for respondent. This court will not consider any question of fact, nor the question of law as to whether there is or is not any evidence tending to sustain a particular question of fact. (*Cronin* v. *Lord*, 161 N. Y. 90; *Meserole* v. *Hoyt*, 161 N. Y. 59; *C. Ice Co.* v. *Mayor, etc.*, 166 N. Y. 92; *Lawrence* v. *Cong. Church*, 164 N. Y. 115; *Matter of Hall*, 164 N. Y. 196; *Lamkin* v. *Palmer*, 164 N. Y. 201; *Clark* v. *Nat. S. & L. Bank*, 164 N. Y. 498; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 193; *Reed* v. *McCord*, 160 N. Y. 330.) The defendants were not the owners of Skaneateles lake. Nor did they own the same as a reservoir, but were only ordinary riparian owners on the outlet. (18 Am. & Eng. Ency. of Law [2d ed.], 131, 135; 28 Am. & Eng. Ency. of Law, 918, 949, 950, 1016, 1042; *Gouverneur* v. *Nat. Ice Co.*, 134 N. Y. 355; *Smith* v. *City of Rochester*, 92 N. Y. 463; *Robinson* v. *Davis*, 47 App. Div. 405; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191; *Clinton* v. *Myers*, 46 N. Y. 511; *Colrick* v. *Swinburne*, 105 N. Y. 503;

*L. P. Co.* v. *State*, 15 App. Div. 169; *Pixley* v. *Clark*, 35 N. Y. 520; *Scriver* v. *Smith*, 100 N. Y. 471.) The rule of damages was the difference in value of defendants' lands with and without the rights condemned. (*Matter of Dept. Public Parks*, 53 Hun, 280; *Matter of Thompson*, 85 Hun, 438; *Strobel* v. *K. S. Co.*, 164 N. Y. 303; *Clinton* v. *Myers*, 46 N. Y. 511; *Sweet* v. *City of Syracuse*, 129 N. Y. 316; *McCormick* v. *Horan*, 81 N. Y. 86; *Waffle* v. *N. Y. C. R. R. Co.*, 53 N. Y. 11; *Peck* v. *Goodberlett*, 109 N. Y. 180; *A. K. Co.* v. *Dean*, 162 N. Y. 278; *Corning* v. *Troy I. & N. Factory*, 40 N. Y. 191.) It was proper and competent to ask witnesses to give opinion as to the value of the property before and after the taking. (*Gallagher* v. *K. W. Co.*, 25 App. Div. 82; *Matter of City of Rochester*, 40 Hun, 588; *Lee* v. *Springfield Water Co.*, 176 Penn. St. 228; *Lewis* v. *Springfield Water Co.*, 176 Penn. St. 244; *Matter of the U. C. & S. V. R. R. Co.*, 56 Barb. 456; *S. A. R. R. Co.* v. *M. El. Ry. Co.*, 138 N. Y. 548; *Matter of Grade Crossing Comrs.*, 52 App. Div. 122; *Matter of S. I. R. T. Co.*, 47 Hun, 396; *Matter of William & Anthony Streets*, 19 Wend. 678; *Matter of Brook Ave.*, 8 App. Div. 294.) It was not competent to prove the value of Skaneateles water to the city of Syracuse in determining the question of compensation. (*Matter of B., H. T. & W. Ry. Co.*, 22 Hun, 176; *Matter of B. R. & M. R. R. Co.* v. *Barnard*, 9 Hun, 104; *A. & N. R. R. Co.* v. *Lansing*, 16 Barb. 68; *A. B. N. Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252; Lewis on Em. Dom. §§ 479, 480; Mills on Em. Dom. § 168; *Matter of Daly* v. *Smith*, 18 App. Div. 194; *Matter of Thompson*, 127 N. Y. 463; *Jamieson* v. *K. Co. El. Ry. Co.*, 147 N. Y. 322; *Alloway* v. *Nashville*, 88 Tenn. 510; *Santa Anna* v. *Harlin*, 99 Cal. 538, 543; *San Diego Land Co.* v. *Neale*, 88 Cal. 50.) All of the evidence offered by any of the parties as to the capitalized cost of installing and forever maintaining and operating a steam plant capable of furnishing an amount of power at least equal to the water power condemned, was received by the commission. (*Lee* v. *S. W. Co.*, 176 Penn. St.

229; 3 Sedg. on Dam. [8th ed.] § 1199; *Matter of Thompson,* 127 N. Y. 463; *Matter of N. Y. El. R. R. Co.,* 12 N. Y. Supp. 859; *Matter of M. R. Co.* v. *O'Sullivan,* 6 App. Div. 571; *Butler R. Co.* v. *Newark,* 61 N. J. L. 32.) The profits previously realized from the business carried on upon the property cannot be considered either as a basis or an element of the value of the property. (Lewis on Em. Dom. § 487; 6 Am. & Eng. Ency. of Law [1st ed.], 618; *Newton* v. *Armstrong,* 19 N. Y. Supp. 573; *Matter of Gilroy,* 26 App. Div. 315; *Stockton & C. R. R. Co.* v. *Calgiani,* 49 Cal. 139; *J. & S. E. Ry. Co.* v. *Welch,* 106 Ill. 253; *Cobb* v. *Boston,* 109 Mass. 438; *Matter of N. Y., W. S. & B. Ry. Co.,* 35 Hun, 633; *M. S. Works* v. *Koehler,* 45 Hun, 150; *Miller* v. *Windsor Water Co.,* 148 Penn. St. 429; *Danville* v. *H. & W. R. R. Co.,* 88 Penn. St. 260; *Sauer* v. *Mayor, etc.,* 44 App. Div. 308.) The cost of reproducing existing structures upon the property is not a measure of damages, nor is it admissible evidence when offered in the first instance by the defendants. (*Matter of N. Y., W. S. & B. Ry. Co.,* 37 Hun, 318; *J. & S. Ry. Co.* v. *Walsh,* 106 Ill. 253; *L., B. & M. R. R. Co.* v. *Winslow,* 66 Ill. 219; *People ex rel.* v. *Kalbfleisch,* 25 App. Div. 432; *Hawver* v. *Bell,* 141 N. Y. 140; *Williams* v. *Commonwealth,* 168 Mass. 364; *Allen* v. *Boston,* 137 Mass. 319; *Matter of N. Y. C. & H. R. R. Co.,* 35 Hun, 306.) There is no foundation for the claim that no compensation was allowed for depreciation in the value of certain properties not described in the judgment of condemnation. (*Matter of Thompson,* 45 Hun, 261; 121 N. Y. 277.) Unless a radically erroneous rule or principle of determining the awards is clearly and unequivocally shown to have governed the commission, and the result thereof has been substantially injurious to the defendants, the awards will not be disturbed. (*Matter of Boston Road,* 27 Hun, 409; *Matter of Thompson,* 127 N. Y. 471; *Matter of Gilroy,* 26 App. Div. 315; *Village of Port Henry* v. *Kidder,* 39 App. Div. 640; *Matter of N. Y., L. E. & W. R. R. Co.,* 99 N. Y. 388; *Matter of U. El. R. R. Co.,* 113 N. Y. 275; *People ex rel.* v. *Barker,* 165 N. Y.

305; *Matter of City of Brooklyn,* 143 N. Y. 606; *Matter of B. El. R. R. Co.* v. *Flynn,* 147 N. Y. 344.)

HAIGHT, J.　These proceedings were instituted by the city of Syracuse for the purpose of condemning and acquiring the rights of the defendants in the waters of Skaneateles lake and outlet.　The history of the proceedings is fully set forth in the opinion of the Appellate Division (45 App. Div. 249), and need not be here repeated.　At the time these proceedings were instituted Syracuse was a city of about one hundred thousand inhabitants situated about seventeen miles north-easterly of Skaneateles lake.　This lake is a body of fresh water about fifteen miles in length, having a general width of about one mile and a surface area of about thirteen and one-quarter square miles.　The tributary watershed covers about sixty square miles, exclusive of the lake, the level of which is much higher than the city of Syracuse.　The outlet of the lake flows in a northerly direction and discharges into the Seneca river.

These proceedings were instituted pursuant to the provisions of chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890.　The judgment entered herein on the 28th day of September, 1895, under which the commissioners were appointed particularly specifies the duties of the commissioners as follows: To " condemn and acquire from the defendants and every of them the following rights and property, to wit: 1. The right and authority to increase the storage capacity of Skaneateles Lake sufficiently to store therein all the ordinary flow of its watershed in accordance with the provisions of section 18 of chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, with the right to store such flow within the lake and withhold the same from the outlet thereof and all the rights of the defendants and every of them to the discharge of the waters of Skaneateles Lake into the outlet thereof and to the flow of such waters through such outlet along, over and contiguous to the respective parcels of land referred to at paragraph four

of the amended petition and described in the schedules
thereof. 2. All water power rights of the defendants and
every of them upon the outlet of Skaneateles Lake arising out
of their respective ownership of, lien upon or other interest in
the several parcels of land referred to at paragraph four of
the amended petition and described in the schedules thereof.
3. The right to divert and withdraw from said lake and the
waters to be stored therein such and so much water as from
time to time the uses of said city and its inhabitants may
require and as may be lawfully taken therefor." The com-
missioners, in their report, ascertained and determined the
compensation which ought justly to be made by the plaintiff
to the owners of the property and rights appraised, giving the
amount awarded to each party.

It is contended on behalf of the appellants that an improper
basis was adopted by the commissioners in determining the
amount that should be awarded to them; that the award
made was upon the basis of the difference in value of the
affected properties with and without the rights condemned as
specified in the judgment; that this basis did not give them
full compensation for all of the rights and property taken by
the proceedings; that the defendants, together with the other
riparian proprietors on the outlet of the lake collectively or as
tenants in common, were the owners in perpetuity of a com-
plete reservoir capable of storing therein all the yield of the
watershed of the lake, which constituted property of great
value to them and to the public, which value was marketable
and capable of ascertainment; that such property was not
only capable of being acquired in condemnation proceedings,
but herein was acquired from such proprietors and the title
thereto is now, by the confirmation of these proceedings,
vested in the city of Syracuse.

In order to determine the question raised by the appellants
it becomes important to ascertain more fully the precise nature
and character of their properties. As we have stated, they
were the owners of lands upon or through which the outlet of
the lake ran, having mills thereon propelled by the power

derived from the water, or were lienors or otherwise interested in such lands. It further appears that in 1815 and 1816 one Thomas Gibbs obtained grants from the riparian proprietors of the lake giving him the right " to raise and keep up the water in the said lake by a mill dam across the outlet thereof to about the height of six feet to the top of a certain rock with a circle marked thereon at the west end of the bridge across the said outlet, being for the use of mill purposes." After the procuring of these grants Gibbs in 1817 constructed a dam across the outlet at its intersection with the lake in accordance with the terms of the grants, and the same was thereafter maintained for mill purposes. Thereafter Gibbs or his grantees erected mills and manufacturing establishments immediately below the dam which were operated by the water furnished from the dam. In 1843 the canal board of the state, by a resolution, appropriated the waters of Skaneateles lake and its outlet for a reservoir and feeder to the Erie canal, and thereupon took possession of the lands and mills belonging to Gibbs or his grantees, including the dam which had been erected across the outlet, and subsequently the state paid to the owners the amount awarded to them, amounting to about the sum of thirty thousand dollars. Thereafter the state maintained the dam, rebuilding it in 1868. The defendants are lower riparian owners upon the outlet.

We shall assume, for the purposes of this case but without so deciding, that the defendants or their grantors, who acquiesced in the building of the dam by Gibbs in 1817 and who have sanctioned its maintenance ever since and have built up mills and factories upon the outlet with reference to existing conditions, understanding that the dam was to remain and be maintained permanently, have an interest in and a right to have all of the waters tributary to the lake stored therein and so discharged as to give them a uniform supply of water for their mills during all the seasons of the year.

We do not understand that the defendants have any greater interest in the dam or the waters of the lake. Neither they nor their grantors were parties to the grants. They never

owned any portion of the dam, and they are not riparian owners upon the lake. Their ownership is confined to the outlet. The terms of the grants we have already quoted. It is to keep up the water in the lake by a dam across the outlet to the height of six feet *"for the use of mill purposes."* Here we have an express announcement of the purpose for which the grants were made. There is no conveyance of any title to the water, or right to divert it or sell it. There is simply the right to construct a dam, raise the water six feet high and use it for mill purposes, nothing more.

Water, when reduced to possession, is property, and it may be bought and sold and have a market value, but it must be in actual possession, subject to control and management. Running water in natural streams is not property and never was. The construction of a dam across an outlet of a lake or a river or a creek for the purpose of securing power with which to operate mills or factories is not a reducing of the water to possession or to control or management, in such a sense as to change its legal character and make it property. If it did, the owner at times might find it difficult to control, especially in case of freshets or floods. He might have trouble in preventing it from being precipitated upon the lands of his neighbors below and find it unpleasant to respond to them for the damages caused by his property.

The defendants gave evidence by experts tending to show that the waters of this lake were worth nine millions of dollars. Possibly this might be so if it could be marketed and the amount collected therefor that is charged consumers by some of our municipal governments; but upon this basis of computing values the waters of one of our great northern lakes would become worth nearly as much, if not more, than the assessed value of all of the other property of the United States combined. It will thus be readily seen that the value of water depends largely upon surrounding circumstances.

What, then, was the interest of the defendants in the waters of the lake? It was, as we have seen, to have the dam maintained at the outlet to the height named; to collect and

store the water in seasons in which it is flowing in abundance and distributed in uniform quantities through the outlet during the dry seasons *for mill purposes*. As riparian owners upon the outlet they had the right to use the water flowing through their premises for mechanical purposes. If the flow was made uniform during the year it made their premises more valuable for such purposes. Their interest was a natural incident to the land. It was a usufructory right, and, as such, it could not be severed from the land. It may be destroyed, but if it is preserved, it must be in connection with the land through or over which the water flows. If one of the defendants should sell his lands, he would no longer be interested in having the dam maintained or in having a uniform supply of water running through the outlet. If he retains his lands, and the waters of the lake are diverted from the outlet, then his usufructory right is destroyed and his lands are damaged in the amount of the value of that interest.

It appears to us that the difference in the value of the premises affected with and without the water rights affords a full compensation to the owners, and that the basis adopted by the commissioners for the determination of the damages sustained was correct.

The order appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, MARTIN, LANDON and CULLEN, JJ., concur; VANN, J., not sitting.

· Order affirmed.