(152 App. Div. 499.)

### In re BENSEL et al., Board of Water Supply.

### In re SOUTHERN AQUEDUCT DEPARTMENT.

(Supreme Court, Appellate Division, Second Department.  September 10, 1912.)

1. EMINENT DOMAIN (§ 238*)—PROCEEDINGS — CONSOLIDATION — APPORTIONMENT.

Where proceedings to condemn land for public water supply were consolidated, and claimant stipulated to regard the consolidated proceeding as an original proceeding, and to fix the date of the taking of his property as of July 2, 1910, the city was not entitled to object that the award had not been apportioned, so that it could comply with the statute and pay interest from the time of taking.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658, 659–660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. § 238.*]

2. EMINENT DOMAIN (§ 172*)—ADJOURNMENT OF PROCEEDING—DISCRETION.

Where a court had jurisdiction of a proceeding to condemn land for a city water supply, it had discretionary power to refuse to hear the matter at Special Term, and to direct the case to be submitted to another justice within the judicial district, who had appointed the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 470–472; Dec. Dig. § 172.*]

3. EMINENT DOMAIN (§ 317*)—PROCEEDINGS—TITLE.

Where proceedings to condemn land for a city's water supply had been conducted according to the terms of the statute, and no person claimed to have any interest in the land adverse to claimant, whose title had been assumed throughout the proceeding, the city acquired a good title by the proceedings, and would be protected in making payment to the claimant.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. § 317.*]

4. EMINENT DOMAIN (§ 238*)—CONDEMNATION PROCEEDINGS—AWARD—REVIEW.

An award by commissioners in condemnation proceedings will not be set aside for inadequacy or excessiveness, unless it is palpably wrong in either regard, nor will it be vacated by mere errors in receipt or rejection of evidence; but, to justify reversal, it must appear that the commissioners adopted an erroneous principle in estimating the compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658, 659, 660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. § 238.*]

Appeal from Special Term, Westchester County.

In the matter of the application and petition of John A. Bensel and others, constituting the Board of Water Supply in the City of New York, to acquire real estate in the towns of Mt. Pleasant and Greenburgh. From a final order of the Special Term with reference

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the Southern Aqueduct Department, Consolidated Sections 15 and 17, confirming an award of $380,000 for certain parcels of land in Westchester county taken for such water supply, the City of New York appeals. Modified and affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

I. J. Beaudrias, of Yonkers, for appellant.

W. R. Oglesby, of New York City, for respondent.

WOODWARD, J. The proceeding now before this court on review was originally instituted to take certain pieces of property, and was known as "Section No. 15." Subsequently it was consolidated with "Section 17," and it appears to have been agreed among counsel before the commissioners that the taking should be regarded as of the 2d day of July, 1910, though the original taking, under the statute, would have been on the 6th day of December, 1909. The city of New York appeals from the award, urging that it is excessive, that there was a failure of evidence as to the claimant's title to the premises, that an order of the Special Term, refusing to hear the matter and adjourning the same to be heard by the justice who appointed the commissioners was an abuse of discretion, and that the award has not been apportioned so that the city of New York can comply with the statute and pay interest from the time of the taking.

[1] The latter objection, it seems to us, is fully met by the agreement, to be found in the record, that the claimant stipulated to regard the consolidated proceeding as the original proceeding, and to fix the date of the taking as of the 2d day of July, 1910. It is true that no formal stipulation, as suggested, was entered into; but the informal agreement before the commissioners appears to have been acted upon by all parties throughout the proceeding, and we apprehend that the city of New York, being called upon to pay only interest from the time of the second taking, is not in a position to complain.

[2] Equally without merit is the effort to review the discretionary order of the court at Special Term, adjourning the proceeding. The court, having jurisdiction, had the discretionary power to send the case to another justice within the judicial district, and no essential right of the city is affected by the exercise of this discretion. It is very doubtful if the order is appealable in any event.

[3] Upon the question of the claimant's title there is no dispute. The record shows that the maps, stated to be made up from the title deeds of the claimant, and referred to therein, were in evidence in the first proceeding, and appear to have been adopted in the consolidated proceeding. No one is here claiming to have any interest in the real estate. The entire proceeding assumed title in the claimant, and there is not the slightest reason to suppose that there is any outstanding adverse title. At any rate, the proceeding having gone forward under the terms of the statute, it is not to be doubted that the city of New York has a good title, and that it would be protected in making payment to the claimant.

[4] It is urged that certain testimony in behalf of the claimant should be disregarded, because it is alleged to have been based to some extent upon the opinions of others furnished privately. The record would seem to indicate that much of the claimant's testimony was disregarded; for, while his witnesses estimated his damages at $750,000 and over, as against $272,520 and above by the witnesses for the city of New York, the award made was only $380,000, or only about one-half that fixed by the claimant's witnesses. It is always to be borne in mind that in condemnation proceedings the commissioners are called upon, in the discharge of their duties, to view the premises; and the rule is well established that an award by commissioners will not be set aside for inadequacy, or because excessive, unless the award is palpably wrong in either regard. Nor will it be set aside for mere errors in the receipt or rejection of evidence. To justify the reversal of an award for error of law, it must be made to appear that the commissioners adopted an erroneous principle in estimating the compensation. Harlem River & Port Chester R. Co. v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199.

There is nothing in the record now before us to indicate that the commissioners did not properly discharge their duties, and the order confirming the award should not be disturbed. In order to avoid any possible confusion, I suggest that, as a condition of affirmance, the claimant be required to stipulate that interest upon the entire amount of the award be computed from the 2d day of July, 1910.

The order appealed from should be modified, by providing that the claimant be required to stipulate that interest upon the entire amount of the award be computed from July 2, 1910, and, as so modified, affirmed, without costs. All concur.