In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO, Respondents, for the Appointment of Commissioners in the Matter of Lands Claimed to Be Owned by A. SCHREIBER BREWING·COMPANY et al.

CITY OF BUFFALO et al., Appellants.

*Appeal — grade crossing proceeding — unanimous affirmance — Court of Appeals must presume that finding of damage is supported by evidence and that there was a showing of injury sufficient to justify appointment of commissioners.*

The mandate of the Constitution enforces upon the Court of Appeals the presumption that a finding of damage, in a proceeding to ascertain damage to abutting owners by the closing of a street in connection with elimination of a grade crossing, which has been unanimously affirmed, is supported by the evidence and that upon application for the appointment of commissioners there was a showing of injury sufficient to justify such appointment.

*Matter of Grade Crossing Comrs., City of Buffalo,* 210 App. Div. 328, affirmed.

(Argued November 31, 1925; decided May 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 16, 1924, which unanimously affirmed an order of Special Term confirming the report of commissioners appointed under the Grade Crossing Act of the city of Buffalo (L. 1888, ch. 345, and amendatory statutes).

*Frederic C. Rupp,* Corporation Counsel (*Jeremiah J. Hurley* of counsel), for City of Buffalo, appellant.

*Louis L. Babcock* and *Frank Rumsey* for Delaware, Lackawanna and Western Railway Company et al., appellants.

*Myron S. Short* and *De Witt Clinton* for Grade Crossing Commissioners, respondents.

*Joseph Swart* and *Edward L. Jellinek* for A. Schreiber Brewing Company, respondent.

*Simon Fleischmann* and *Benjamin S. Dean* for Henry A. Kamman, respondent.

*Frank F. Williams* for Frank L. Danforth, respondent.

*Per Curiam.* The grade crossing commissioners of the city of Buffalo, having decided that it was necessary to close or discontinue a part of Bailey avenue, brought this proceeding under the authority of statute (L. 1888, ch. 345, § 12; L. 1911, ch. 358; L. 1916, ch. 576) for the appointment of commissioners to ascertain the compensation payable to abutting owners. The city of Buffalo and the railroad companies made answer in opposition to the petition that the owners, though barred of access to the north, had been left with access to the south; that this access was adequate and reasonable, with the result that the ensuing inconvenience was *damnum absque injuria;* and that the amendatory act of 1916, if it enlarged the liability of the railroads, was void to that extent as an unconstitutional impairment of the obligation of an existing contract. A trial of these issues was had before a justice of the Supreme Court, who filed an opinion in favor of the petitioners, but for some unexplained reason did not enter an order thereon. A second application was then made, and was brought on for hearing before another justice, the notice of motion reciting the previous petition and all proceedings thereunder. On this application, an order was entered appointing three commissioners to ascertain and report the just compensation to be paid to stated owners for the injury suffered by the closing of the avenue. The commissioners

thus appointed reported after a full hearing that they had computed and ascertained the damages at the sums stated in their report. Upon application to the court, the report was confirmed, and the order of confirmation has been unanimously affirmed.

Many interesting and important questions were discussed in the opinion of the Appellate Division and in the arguments of counsel. They are not open to consideration here. The mandate of the Constitution enforces upon us the presumption that the finding of damage, unanimously affirmed, is supported by the evidence, and that upon the application for the intermediate order there was a showing of injury sufficient to justify the appointment of commissioners (Constitution, art. VI, § 9). Objections to the admission and exclusion of testimony have been considered and have been found to be unsubstantial. There is nothing else to be reviewed.

The order should be affirmed with costs.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; MCLAUGHLIN, J., not sitting.

Order affirmed.