EVA SMITH, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 22097.)

Court of Claims, December 23, 1932.

*Higbee & Malpass* [*L. Earl Higbee* and *Frederick Feuss* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Deputy Assistant Attorney-General,* of counsel], for the defendant.

PARSONS, J. This claim is for the value of certain real property and improvements thereon taken by the State acting through the Central New York State Parks Commission for park purposes. The policy of taking lands at a time like this for such purposes is not for this court to determine. However, the court may enter its protest to such proceedings at least in a case such as this in which the State already had all of the land necessary to preserve the scenic beauty of Chittenango Falls, a real scenic spot on the Chittenango creek about midway between the small villages of Chittenango

and Cazenovia in the county of Madison. Chittenango Falls and the land immediately surrounding the same had been given to the State and was under the immediate jurisdiction of the Central New York State Parks Commission. On lands adjoining the park lands, the claimant owned between three and four acres of land with appropriate buildings thereon and a partially developed and a partially undeveloped water power on Chittenango creek. The claimant and her husband were conducting thereon what was called a summer resort business. Such business consisted of operating a restaurant, dancing pavilion, music hall and refreshment stands from which were sold lunches, soft drinks, cigars and cigarettes and such other commodities as are incident to such a business. In the restaurant meals were served and in the dancing pavilion dances were conducted and music therefor furnished. It was in fact a prosperous and growing summer resort business, well located adjoining the public park, and was favorably situated so far as motoring parties seeking to view natural scenery were concerned. It was visited by a large number of people during the summer months.

The entire grounds were lighted at night and all of the buildings were equipped with electric light and such electrical devices as were necessary and convenient for the proper conduct of the business. The electric energy necessary to operate those lights and equipment was generated by water power owned by the claimant and incident to and a part of the premises owned by the claimant and appropriated by the State.

The buildings thereon were substantial and were well adapted to the site and the business conducted.

The business was well conducted and showed a very substantial and increasing return each year since its opening, with the exception of the year 1927, in which the highway through said property was being constructed.

The water power was developed sufficiently for the needs of the business. There was also a substantial but potential unused and undeveloped amount of power. In the past there had been a paper mill on a portion of this site and the machinery thereof had been wholly operated by the water power twenty-four hours a day and six days a week. It is undisputed that the operation of the machinery of the paper mill required a very substantial amount of power largely in excess of the amount necessary for the operation of the claimant's business as herein described.

I am unable to agree with the State's contention that it only appropriated the developed power. It having appropriated the entire site, it has taken the undeveloped as well as the developed

power; in fact, the water power rights. (*Waterford El. L. H. & P. Co.* v. *State*, 208 App. Div. 273; *City of Syracuse* v. *Stacey*, 169 N. Y. 231.)

I also disagree with the contention of the State that the income from claimant's business is not an element to be considered in fixing damages.

The income, or in other words, the usable or rental value of the property for any suitable legitimate business, is always relevant in fixing the market value. (*Reisert* v. *City of New York*, 174 N. Y. 196; *Baumann* v. *City of New York*, 227 id. 25.)

The question to be determined here is the market value of claimant's property forcibly appropriated and taken by the State. In the determination of this several elements enter, among which are the value of the land, the improvements and the suitability of the same, its earning capacity as an investment, and the proper and natural cost of its reproduction. (*Matter of Niagara, L. & O. P. Co.* v. *Horton*, 231 App. Div. 402; *People ex rel. Powers* v. *Kalbfleisch*, 25 id. 432.) Taking all of these elements into consideration, the value of the property of the claimant, taken in its entirety, which includes the water power rights, in my opinion, is $30,000, and judgment should be entered accordingly.

RYAN, J., concurs.