In the Matter of DEL BALSO HOLDING CORPORATION, Appellant, against JOHN MCKENZIE, as Commissioner of Docks of the City of New York, Respondent.

(Argued April 14, 1936; decided July 8, 1936.)

*Leo Kaplan* for appellant.

*Paul Windels, Corporation Counsel (Alfred D. Jahr* and *Paxton Blair* of counsel), for respondent.

CROUCH, J.  The sole question before us is whether or not the city of New York may exact rent as one of the conditions for granting a permit to the petitioner for the construction of a pier upon lands under water in Westchester creek.

The petitioner alleges that it is the owner in fee simple absolute of certain described premises, which include the *locus* of the proposed pier, and that those premises consist " of upland as well as land beyond the mean high-water mark and adjacent and in part under Westchester Creek." The city denies the allegation of ownership. It says, further, that the alleged upland is not in truth

upland, but is land under water unlawfully filled in and made fast, the title to which is in the city.

The answer to the question propounded depends upon a determination of the facts at issue under the pleadings as above stated. The order denying a peremptory mandamus was, therefore, proper. If the petitioner is the owner of the land under water upon which the pier is to be built, the city may not, under the guise of its conceded regulatory authority, exact rent. If the city is the owner of the land under water, the petitioner has no right whatever to enter thereon and build a pier, unless it owns adjacent upland. If the petitioner is an upland owner, it has the well-settled riparian right of access by means of a pier to navigable water in front of its upland, subject to the rights of the public. (*Town of Brookhaven* v. *Smith*, 188 N. Y. 74; *Sage* v. *Mayor*, 154 N. Y. 61.) The exercise of that right is subject to certain prescribed statutory conditions (see *inter alia*, §§ 83 *et seq.*, and §§ 816 *et seq.*, Greater New York Charter, Laws of 1901, ch. 466), which, however, do not include the exaction of rent. On the contrary, the riparian rights of owners of private property are expressly preserved by the charter; nor could it well have been otherwise.

The order should be modified by directing the issuance of an alternative order of mandamus to determine the rights of the parties, and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.