CITY OF NEW YORK, Plaintiff, *v.* SWIFT & COMPANY, Defendant.

Supreme Court, Trial Term, New York County, December 17, 1936.

*Paul Windels, Corporation Counsel [Alfred D. Jahn of counsel], for the plaintiff.*

*Lewis A. Ackley, for the defendant.*

LAUER, J. This action was instituted by the plaintiff to recover from the defendant the reasonable value of the use and occupation of certain land and land under water. The defendant is the owner of the upland between East Forty-fourth and East Forty-fifth streets fronting on the East river. The defendant and its predecessor in title have maintained a platform along the waterfront beginning as early as the year 1892. This platform is used for loading and unloading water-borne freight. No claim was asserted by the plaintiff for compensation for the use and occupation of the land under water covered by the platform until the year 1923. This action seeks to recover the sum of $2,163.75, alleged to be the reasonable value of the use and occupation for a period commencing November 1, 1923, and ending January 31, 1925.

There is no question but that the plaintiff in the instant case is seized of the land and land under water which fronts on the East river up to the high-water mark, even though the upland is owned by the defendant. Unquestionably, the plaintiff has the absolute right " to improve the water front for the benefit of navigation, free from any interference by the riparian owner." (*Sage* v. *Mayor*, 154 N. Y. 61, 76.) The plaintiff has done nothing, however, to exercise the rights it possesses to improve the water front adjacent to the property of the defendant. The plaintiff merely seeks to recover rent from the defendant, an upland owner. The question here presented is whether the plaintiff, concededly the owner of the land and land under water in front of the defendant's property up to the high-water mark, may exact a rent for the use thereof by the defendant, the upland owner, possessing an abutting platform.

The riparian right of access to navigable water by an upland owner has been affirmed very recently in the case of *Matter of Del Balso Holding Corp.* v. *McKenzie* (271 N. Y. 313). In that case the court held that, subject to certain rights of the public, an upland owner had the right of access to navigable water in front of its upland. The city of New York in that case was prohibited from exacting rent as one of the conditions for granting a permit to an upland owner for the construction of a pier upon lands under water in Westchester creek.

I can see no distinction between the facts in the instant case and the situation involved in *Matter of Del Balso Holding Corp.* v. *McKenzie* (*supra*). The fact that the property herein involved is part of the island of Manhattan would not, in my opinion, be reason for the application of a different rule of law than that heretofore applied in *Matter of Del Balso Holding Corp.* v. *McKenzie* (*supra*). The defendant herein, in maintaining a platform for loading and unloading water-borne freight for its own use in connection with which the upland is used, is exercising a riparian right of access similar to that of an upland owner maintaining a pier. The fact that the defendant's platform is constructed upon lands under water owned by the plaintiff does not of itself give the plaintiff the right to exact rent for the use thereof. It follows that the maintenance of the platform by the defendant is a proper exercise of its riparian rights for which the plaintiff is not entitled to recover rent.

Accordingly, judgment is awarded the defendant, dismissing the complaint herein on the merits.