In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Neptune Avenue, from East 12th Street to Shore Boulevard, and Emmons Avenue, from Shore Boulevard to Brigham Street, as the Said Streets Are Laid Out upon the Map or Plan of The City of New York Together with the Additional Lands Adjoining Emmons Avenue, as Shown upon a Map Adopted by the Board of Estimate and Apportionment on June 1, 1929, and Approved by the Mayor on June 6, 1929, in the Borough of Brooklyn, City of New York. In the Matter of the Application of THE CITY OF NEW YORK, Acting by and through the Commissioner of Docks, Relative to Acquiring Right and Title to and Possession of Certain Real Property, Wharf Property, Lands, Lands under Water, Lands under Water Filled in, Wharfage Rights, Incorporeal Hereditaments, Terms, Easements, Emoluments, Privileges and Appurtenances of and to the Lands, Lands under Water and Lands under Water Filled in, Necessary to Be Taken and Acquired for the Improvement of the Waterfront and Harbor of The City of New York, between Sheepshead Bay Road and East 27th Street, Sheepshead Bay, in the County of Kings, Borough of Brooklyn, City of New York, Pursuant to a Certain Plan Determined upon and Adopted by the Commissioner of Docks on December 22, 1928, and Approved by the Commissioners of the Sinking Fund on May 15, 1929. MOTT OPERATING CORPORATION and FREDERICK W. I. LUNDY, Appellants; THE CITY OF NEW YORK, Respondent.— Final decrees in condemnation proceedings, in so far as appealed from, unanimously affirmed, with costs. Assuming that the city's experts erred in arriving at their appraisals, the error was not substantial. Appellants failed to show that the court was misled, or that it adopted an erroneous principle in fixing the damages, or that the awards are obviously and clearly wrong or such as to shock the sense of justice of the court. In the absence of such proof an appellate court cannot substitute its judgment of value for that of the Special Term. (*Matter of City of Rochester* [*Smith St. Bridge*], 234 App. Div. 583; *Matter of City of New York* [*School Site*], 222 id. 554; affd., 250 N. Y. 588; *Matter of Bronx Parkway Commission*, 192 App. Div. 412; affd., 230 N. Y. 607; *Matter of City of New York* [*E. 36th St.*], 168 App. Div. 463; affd., 217 N. Y. 621; *Matter of Bensel* [*Southern Aqueduct, Secs. 15 & 17*], 152 App. Div. 499; affd., 207 N. Y. 686.) Nor is appellant Lundy entitled to any award for the structures maintained on the damage parcels in which he had riparian rights and on the bed of Ocean avenue to the west, in which he had no rights whatever. The erection of such structures and their use as a restaurant are not a proper exercise of riparian rights. (*Matter of City of New York*, 168 N. Y. 134, 143; *Burns Bros.* v. *City of New York*, 178 App. Div. 615; affd., 232 N. Y. 523.) The 1923 judgment in the action between appellant Lundy and the city determined only the city's title and Lundy's riparian rights. It did not determine the nature and extent of those rights or the manner in which they may be exercised. The restaurant structures for which compensation is now sought were not even in existence at the time the judgment was entered. The permit issued by the dock commissioner which permitted the erection of the structures does not entitle appellant Lundy to be compensated for them in these proceedings. The dock commissioner was without authority to issue a permit for the erection of structures to be used for restaurant purposes. (*Vilias* v.

*Featherson*, 94 App. Div. 259; *McCarthy* v. *Mills*, 214 id. 70.) In any event, even if the permit be deemed to have been lawfully issued, it was by its terms revocable at will with or without reason. Such a permit does not constitute a property right, privilege, franchise, easement or interest which is taken in these proceedings. (Greater New York Charter, §§ 969, 1431, subd. 4; *Matter of Low*, 233 N. Y. 334; *Kingsland* v. *Mayor, etc., of New York*, 110 id. 569.)   Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.