THE CITY OF NEW YORK, Appellant, *v.* THIRD AVENUE RAILWAY COMPANY and BRADLEY-MAHONY COAL CORPORATION, Respondents.

First Department, May 22, 1942.

*Reuben Levy* of counsel [*Julius Isaacs* and *Charles Bisberg* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellant.

Alfred T. Davison of counsel [Addison B. Scoville and David C. Keane, Jr., with him on the brief], for the respondent Third Avenue Railway Company.

James E. Kelliher, for the respondent Bradley-Mahony Coal Corporation.

PER CURIAM. Although the city cannot maintain an action in ejectment against the defendants, who have riparian rights over the city's property (Child v. Chappell, 9 N. Y. 246; Burns Bros. v. City of New York, 178 App. Div. 615; affd., 232 N. Y. 523), it is not precluded thereby from recovering for use and occupation to the extent that such use by the defendants exceeds their riparian rights. (Matter of City of New York [Neptune Avenue], 254 App. Div. 690; affd., 280 N. Y. 604; City of New York v. Wilson & Co., 278 id. 86.)

The defendant Third Avenue Railway Company as riparian owner, and the defendant Bradley-Mahony Coal Corporation, its lessee, have " the right of access to the navigable part of the river in front for the purpose of loading and unloading boats, drawing nets and the like." (Sage v. Mayor, 154 N. Y. 70.) As an incident to those rights, the riparian owner may erect such structures as a dock or pier between the upland and navigable water (Matter of Del Balso Holding Corp. v. McKenzie, 271 N. Y. 313) and probably the machinery necessary for the convenient loading and unloading of boats. But the riparian owner may not construct buildings of the character revealed by the record in the present case (People v. Steeplechase Park Co., 218 N. Y. 459; Hedges v. West Shore R. R. Co., 150 id. 150; Matter of City of New York [Neptune Avenue], supra; Matter of City of New York [Harlem River Speedway], 168 id. 134; Burns Bros. v. City of New York, supra), occupying a substantial area and with extensive storage facilities. The circumstance that the city is not using the land for other purposes does not, as the defendants seem to suggest, augment their right of passage over the city's property or justify the erection of such structures thereon.

The judgment, so far as appealed from, should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.; DORE, J., dissents and votes to affirm.

Judgment, so far as appealed from, reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.