ADIRONDACK POWER AND LIGHT CORPORATION, Appellant, *v.* JOHN G. EVANS and Another, Respondents.

Fourth Department, June 27, 1929.

*Snyder, Cristman & Snyder* [*Charles E. Snyder* of counsel], for the appellant.

*Lee, Brennan & Bastow* [*Stephen W. Brennan* of counsel], for the respondents.

EDGCOMB, J. The correctness of an order of the Special Term setting aside the report of commissioners of assessment appointed to ascertain the compensation which should be paid to the owners of property for an easement to construct, maintain and operate a transmission line, sixty feet in width, across the lands of the defendants in the villages of Yorkville and Whitesboro, Oneida county, is challenged by the plaintiff.

Respondents seek to sustain the order upon the following grounds:

1. That the award was inadequate.

2. That the commission erred in admitting certain evidence.

3. That the award was void because it was made in the alternative.

4. That the commissioners adopted an improper measure of damage.

Defendants own fourteen and nine-tenths acres of land, irregular in shape, with a frontage of approximately six hundred and fifty feet on the street. Sauquoit creek, which, under normal conditions, varies in width from seventy to ninety feet, runs through the property. The strip of land condemned follows the general course of the stream, and extends from the street in the front to within about ninety feet of the rear.

For some years plaintiff has been the owner by deed of an easement to transmit electric current over and across a strip of land 22 feet in width through this same property, and in close proximity to the lands which it is here seeking to condemn. A part of the new line overlaps the old. The total area contained in the relocated line aggregates 54,900 square feet, 15,125 square feet of which is contained in the old line. This leaves 39,775 square feet of defendants' land actually taken in the present proceeding; 14,346 square feet of the new line is contained in the present bed of Sauquoit creek.

The commissioners awarded $1,200 to the defendants, if there is no abandonment by the plaintiff of its easement in its old right of way, outside of that portion thereof which is embraced in the

sixty-foot strip described in the judgment of condemnation herein, and $1,000 if appellant relinquishes its right to such lands.

It is asserted that this award is insufficient. Four witnesses were called by defendants, who estimated the owner's damage at from $6,000 to $6,500. Plaintiff's witnesses fixed it at from $665 to $900. The testimony of these experts was advisory only, and was not binding on the commission. (*Tubiola* v. *Baker*, 225 App. Div. 420; *Matter of Castle Heights Water Co.* v. *Price*, 178 id. 687; *New York Central & Hudson River R. R. Co.* v. *Newbold*, 166 id. 193; *Weaver* v. *Scripture*, 125 Misc. 741; affd., 214 App. Div. 852.)

Plaintiff is appropriating defendants' land against their will; it should, therefore, pay all that the property is reasonably worth for any legitimate purpose for which it could fairly be used. Defendants claim that this land was available for building purposes, and that a market could readily have been found for the lots, and that the change of line ruined the tract for that purpose. The property had never been plotted, nor put on the market, but on the hearing a map was produced which showed that some seventy-three building lots could be carved out of the piece, together with necessary roads and drives. Defendants' witnesses based their estimate of value on its use for this purpose. Unless there was reasonable ground for believing that the property was adapted for building purposes, and that there was a fairly ready market for the lots, any resulting damage for such purpose cannot be considered here. (*Matter of Simmons* [*Ashokan Reservoir, Sec. No. 7*], 130 App. Div. 356; affd., 195 N. Y. 573; affd., *sub nom. McGovern* v. *New York*, 229 U. S. 363; *Matter of Daly* v. *Smith*, 18 App. Div. 194.)

Taking into consideration the nature of the property, the fact that a transmission line already runs through it, that a considerable portion of the land appropriated lies in the bed of the creek, and the improbability of the tract being available for building lots, I do not think that this court can say that the commission made an inadequate award. Especially is that true in view of the well-established rules governing awards of this character.

This is not the case of a review by the court of a verdict of a jury. A commission in condemnation proceedings stands in a very different position than a jury. Section 14 of the Condemnation Law (as amd. by Laws of 1926, chap. 612) requires the commissioners to view the premises. Unlike a jury, they are not restricted to any particular species of evidence. The authorities are unanimous that they are privileged to act on their own judgment and information obtained from an inspection of the property, as well as on the evidence pro-

duced before them. (*Matter of Thompson,* 121 N. Y. 277, 279; *Matter of Town of Guilford,* 85 App. Div. 207, 210; *Matter of Manhattan R. Co.* v. *Comstock,* 74 id. 341; *Matter of Grade Crossing Comrs.,* 52 id. 27, 34; *City of Syracuse* v. *Stacey, No. 1,* 45 id. 249.)

The court's power to review the report of commissioners in condemnation proceedings is very limited. Every intendment is in favor of the action of the commission, and an award will not be set aside for inadequacy, unless it is obviously wrong, or unless it is such as to shock the sense of justice of the court. (*Matter of Grade Crossing Comrs.* [*Nos. 120 & 125*], 210 App. Div. 328, 338; *Matter of Corporation Counsel of City of New York,* 188 id. 668, 671; *Matter of Manhattan R. Co.* v. *Comstock,* 74 id. 341; *Harlem River & P. R. R. Co.* v. *Reynolds,* 50 id. 575; *Matter of Seaside El. R. R. Co.,* 83 Hun, 143.)

Respondents also urge that the report should have been set aside because the commission erred in receiving and considering evidence of benefits which accrued to the defendants by reason of the taking of the lands in question.

Section 14 of the Condemnation Law provides that in fixing the amount of compensation, the commissioners shall not make allowance or deduction for any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use. That section, however, refers to some profit which accrues by reason of the use to which the property is to be put, and does not relate to some advantage which results to the property by reason of some particular benefit or advantage, different from that which attaches to properties generally in the immediate vicinity.

The evidence complained of has reference to the assertion made by the plaintiff that the old right of way, which it held under its deed, where the same was not included in the new line, reverted to the defendants as a matter of law. If that was true, I think that any resulting benefit could properly have been taken into consideration by the commission. But as I view the situation, the old right of way does not automatically revert to the defendants.

One who acquires title by grant to an easement appurtenant to land has a right of property therein, and may insist upon its use whenever occasion requires. (*Haight* v. *Littlefield,* 147 N. Y. 338, 343.) Mere non-use will not suffice to destroy such an easement. It can only be extinguished by deed, or by adverse possession, or by some act showing a clear intention to abandon the same. (*Conabeer* v. *N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 474; *Roby* v.

*N. Y. C. & H. R. R. R. Co.*, 142 id. 176, 181; *Welsh* v. *Taylor*, 134 id. 450; *Smyles* v. *Hastings*, 22 id. 217; *Spencer* v. *Lighthouse*, 114 App. Div. 591; *Andrus* v. *Nat. Sugar Refining Co.*, 93 id. 377.)

Plaintiff has never renounced its right to its old right of way, and has done nothing which would indicate its intention so to do. The suggestion of appellant that this old right of way reverted to the defendants as matter of law, therefore, had no place on this hearing, and it was error to allow it to creep into the case. However, I do not think that the error was harmful, or that it induced the commission to adopt an erroneous measure of damage.

Section 106 of the Civil Practice Act provides that upon appeal an error in the ruling of the trial court must be disregarded if a substantial right of a party is not thereby affected. This section is made applicable to proceedings had under the Condemnation Law. (Condemnation Law, § 12.)

It has repeatedly been held that an award will not be set aside for technical errors in the exclusion or admission of evidence; that, to justify a refusal to confirm a report of commissioners for error of law, it must appear that the commission adopted an erroneous principle in estimating the damages, or that the error so affected the result as to cause an injustice to be done to one party or the other. (*Matter of City of New York* [*Croton River Dam*], 129 App. Div. 707; *Matter of Daly* v. *Smith*, 18 id. 194; *Matter of Norwood & Montreal R. R. Co.*, 47 Hun, 489; *Matter of New York, W. S. & B. R. Co.*, 37 id. 317.)

Respondents' objection to the award because the report is in the alternative, and gives to the property owners $1,200 in the event that the old right of way does not revert to them, and $1,000 if it does, is also unavailing.

The sufficiency of a report of commissioners in a condemnation proceeding depends largely upon the requirements of the statute. Section 14 of the Condemnation Law prescribes that the commissioners " shall make a report of their proceedings to the court which appointed them [Supreme Court], with the minutes of the testimony taken by them, if any;" otherwise it is silent as to its form. It may be said, in general, that the report should be clear, explicit and certain, and should leave no doubt as to what has actually been decided. The report in question does not violate any provision of the Condemnation Law. It is positive and definite. The commission was evidently in doubt as to whether the old right of way reverted to the defendants, and so made a definite and absolute award on both theories, and left it to the court to say which should be confirmed.

If I am right in my conclusion that plaintiff still owns its original right of way, I think that we may disregard the $1,000 award, and treat it as surplusage. Certainly defendants cannot complain if the court gives them $1,200 instead of $1,000. Such an award is definite and certain, and determines the damages which the defendants have sustained by reason of the appropriation by the plaintiff of the strip of land in question.

This leaves for consideration the last objection of the defendants, namely, that the commission adopted an improper measure of damage.

Where only a portion of an owner's land is taken, the proper measure of damage is the difference between the fair market value of the entire land and that of the remainder, after the portion needed has been appropriated. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423, 433; *Matter of Seaside El. R. R. Co.*, 83 Hun, 143, 145; *Matter of New York, L. & W. R. Co.* v. *Arnot*, 27 id. 151; *Black River & M. R. R. Co.* v. *Barnard*, 9 id. 104.)

In estimating the value of the property left, all damages which may result thereto, by reason of the use to which the portion taken is to be put by the petitioner, should be taken into consideration. (*South Buffalo R. Co.* v. *Kirkover*, 176 N. Y. 301.)

The witnesses sworn upon the hearing were all examined with this rule of damage in mind. If we eliminate the latter part of the report, as above suggested, it is apparent that the commission adopted the proper measure of damage in making its award.

For the reasons above stated, and under the authorities above cited, I think that the learned court below erred in refusing to confirm the report of the commissioners, and that the order appealed from should be reversed, with costs of this appeal to the appellant, and the motion granted, with costs to defendants of the proceeding before the commissioners, to be taxed by the clerk, and an additional allowance of five per cent of the award of $1,200.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law and facts, with costs, and motion for confirmation of the commissioners' award of $1,200 granted, with costs, and an additional allowance of five per cent of the amount of the award.