In the Matter of the Application of THE CITY OF ROCHESTER, NEW YORK, to Acquire Real Estate on Smith Street for Smith Street Bridge Widening and Approaches in the City of Rochester, New York.

THE CITY OF ROCHESTER, Appellant, Respondent; Claimants JOHN A. CASEY and THOMAS F. EAGAN, Respondents, Appellants; Claimants CHARLES FALK and Others, Respondents.

Fourth Department, March 9, 1932.

*Clarence M. Platt, Corporation Counsel* [*Charles B. Forsyth, Deputy Corporation Counsel,* of counsel], for the appellant, The City of Rochester.

*Weldgen, Newton & Boyle* [*Nicholas J. Weldgen* of counsel], for the respondents, appellants, Casey and Eagan.

*Charles E. Bostwick* [*Ira H. Morris* of counsel], for the respondents Falk, Lyons and Lippincott.

*Joseph Lee Humphrey* [*Albert L. Shepard* of counsel], for the respondents McDade.

*Louis E. Lazarus* [*Charles B. Bechtold* of counsel], for the respondent John F. Regan.

*Charles Lambiase,* for the respondents DiMartino.

*John F. Kinney* [*William A. Ader* of counsel], for the respondent Popp.

EDGCOMB, J. Awards aggregating $201,881.92 have been made for twelve parcels of land, which have been appropriated by the city of Rochester for the approaches to the new Smith Street bridge over the Genesee river. The size of these awards indicates the importance of this proceeding to the city, coming as it does at a time when municipalities generally are finding it most difficult, if not impossible, to finance needed improvements, and when so many cities are compelled to practice the most rigid economy in public expenditures, and are earnestly attempting to reduce the cost of government to a level within their ability to pay. On the other hand, one who is compelled to give up his land for public use is vitally interested in obtaining all that his property is reasonably worth. We have, therefore, given most patient study to this long and somewhat tedious record, consisting of over 1,900 pages. We find no prejudicial errors to either of these appellants which, under the well-established rules governing proceedings of this character, would warrant our disturbing the awards made by the commission, after extended hearings and a personal inspection of the property which has been condemned.

As is usual in cases of this character, the so-called experts sworn by the respective parties differ widely in the value which they place

on the various properties appropriated by the city. The commission apparently placed but little reliance upon this testimony, because the award is far less than the estimate given by the experts sworn by the property owners, and considerably more than that testified to by the city's witnesses.

The evidence of these experts was not binding on the commission; it was advisory only. In making its award, the commission was not restricted to any species of evidence, but was entitled to act upon its own judgment, and on any information which it acquired from its inspection of the property, as well as on the evidence produced on the hearing. (*Matter of Thompson*, 121 N. Y. 277, 279; 127 id. 463, 472; *Perkins* v. *State of New York*, 113 id. 660; *Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490; *Matter of Bronx Parkway Commission*, 192 id. 412, 418, 419; affd., 230 N. Y. 607; *Matter of Corporation Counsel of City of New York*, 188 App. Div. 668, 671; *Matter of Castle Heights Water Co.* v. *Price*, 178 id. 687, 688; *New York Central & H. R. R. R. Co.* v. *Newbold*, 166 id. 193, 195; *Matter of Manhattan R. Co.* v. *Comstock*, 74 id. 341, 342; *Harlem River & P. R. R. Co.* v. *Reynolds*, 50 id. 575; *City of Syracuse* v. *Stacey, No. 1*, 45 id. 249, 259, 260; affd., 169 N. Y. 231; *Matter of Grade Crossing Commissioners*, 52 App. Div. 122, 124; affd., 164 N. Y. 575; *Matter of Staten Island R. T. Co.*, 47 Hun, 396, 398.)

The power of the court to review and set aside the report of commissioners in a condemnation proceeding is, therefore, confined within narrow limits. An award will not be set aside as excessive or inadequate unless it is obviously and clearly wrong, or unless it is such as to shock the sense of justice of the court. (*Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490; *Matter of Grade Crossing Commissioners, Nos. 120 & 125*, 210 id. 328, 338; affd., 240 N. Y. 612; *Matter of Corporation Counsel of City of New York*, 188 App. Div. 668, 671; *New York Central & Hudson River R. R. Co.* v. *Newbold*, 166 id. 193, 195; *Matter of Bensel [Southern Aqueduct, Secs. 15 & 17]*, 152 id. 499, 502; affd., 207 N. Y. 686; *Matter of Manhattan R. Co.* v. *Comstock*, 74 App. Div. 341; *Harlem River & P. R. R. Co.* v. *Reynolds*, 50 id. 575.)

We have not the advantage of knowing what the commissioners saw when they viewed the premises in question. They are men of experience, selected with special reference to their fitness for the position, and we do not feel justified in saying that their judgment as to value is all wrong. While the awards appear to be somewhat liberal, it cannot be said that they are so excessive as to shock one's sense of justice, or to warrant the court in setting them aside for that reason.

One whose land is taken by eminent domain is entitled to receive its greatest value for any available use to which it may be put. As bearing on such value, it is competent to show any fact which the owner would naturally and properly bring to the attention of a buyer with whom he was negotiating a sale. (*Matter of City of New York*, 198 N. Y. 84; *Matter of Niagara, Lockport & Ontario Power Co.*, 231 App. Div. 402; *Matter of City of New York*, 213 id. 187, 190; *Matter of City of New York* [*North River Water Front*], 219 id. 27, 37; *Matter of Daly* v. *Smith*, 18 id. 194, 197; *City of Syracuse* v. *Stacey*, *No. 1*, 45 id. 249, 254; affd., 169 N. Y. 231; *Matter of Gilroy*, 26 App. Div. 314; *Matter of N. Y., L. & W. R. Co.*, 27 Hun, 116; *Matter of Gilroy*, 85 id., 424; *United States* v. *Chandler-Dunbar Co.*, 229 U. S. 53, 81.)

Care must be taken, however, not to substitute for reality the mere hope of the owner that the property might be used for some specific purpose. (*Fowler* v. *State of New York*, 234 App. Div. 166; *Matter of Simmons* [*Ashokan Reservoir, Sec. No. 6*], 130 id. 350, 352; affd., 195 N. Y. 573.)

The commission, therefore, very properly gave the various owners great latitude in proving the uses to which their respective properties could be put.

It was proper to show what it would cost certain owners to reconstruct the buildings on their land, and this was some evidence of the value of their property. Ordinarily buildings are a part of the land, and when the latter is taken for public use the structures thereon are included, and, if they are adapted to the character of the land upon which they stand, the value of the land is enhanced by the value of the buildings. (*Matter of City of New York*, 198 N. Y. 84.)

The rule fixing the damages to which a party is entitled, where his lands have been appropriated for public use, is well settled. If the entire property is taken, as was done in the case of four of these claimants, the owner is entitled to the fair market value of the entire property at the time of the appropriation; in other words, the price which the property would bring in the market when offered for sale by one who desired but was not obliged to sell, and when purchased by one who was not compelled to buy.

If a portion only is taken, the owner is entitled to be compensated for the difference between the fair market value of the entire property and that of the remainder, after the needed portion has been pre-empted. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423, 433; *Adirondack Power & Light Co.* v. *Evans*, 226 App. Div. 490, 495; *Matter of Seaside Elev. R. R. Co.*, 83 Hun, 143, 145; *Matter of New York, L. & W. R. Co.* v. *Arnot*, 27 id. 151; *Black River & M. R. R. Co.*

v. *Barnard*, 9 id. 104; *Matter of New York Elevated R. R. Co.*, 36 id. 427, 434.)

In determining the value of the portion not taken, all damages resulting thereto by reason of the use to which the part appropriated is to be put must be taken into consideration. (*South Buffalo R. Co.* v. *Kirkover*, 176 N. Y. 301.)

The report of the commissioners shows that they followed and adopted the above rule in making their awards.

It is true that certain claimants were permitted to show the profits made by them in the business which they conducted on their property. This we think was error. It is the land which is appropriated, and not the business conducted thereon. While it is proper to show, as bearing on the value of the property, that it is peculiarly adapted for any particular business, the success of an enterprise does not depend upon its location alone, but rather upon the skill and ability of the proprietor, and the manner in which he conducts his business. One will often succeed where another will fail. Damages occasioned to an owner's business, because he is compelled to move to another location, is not an item which can be considered by a commission in a condemnation proceeding. (*Matter of Department of Public Works*, 53 Hun, 280, 300, 301; *Matter of Gilroy*, 26 App. Div. 314; *Sauer* v. *Mayor*, 44 id. 305, 308; *City of Syracuse* v. *Stacey*, *No. 1*, 45 id. 249, 259; *Banner Milling Co.* v. *State of New York*, 240 N. Y. 533, 540.)

Neither can an owner recover the expenses incurred in removing personal property from lands condemned to another location. (*Matter of N. Y. C. & H. R. R. R. Co.*, 35 Hun, 306; *Matter of New York, West Shore & Buffalo R. Co.*, Id. 633; *Ranlet* v. *Concord R. R. Corp.*, 62 N. H. 561.)

The receipt of all this evidence, while technically erroneous, was harmless and may be disregarded, as the commission ignored it in making its award, and fixed the damages of the various claimants in accordance with the proper standard.

An award will not be set aside for technical errors in the admission or exclusion of evidence, but will be permitted to stand, unless it appears that the commission adopted an erroneous principle in fixing the damages awarded to the owner, or unless the error so affected the result as to bring about an injustice to the complaining party. (*Matter of Bensel* [*Southern Aqueduct, Secs. 15 & 17*], 152 App. Div. 499, 502; affd., 207 N. Y. 686; *Matter of City of New York* [*Croton River Dam*], 129 App. Div. 707; *Matter of Daly* v. *Smith*, 18 id. 194; *Matter of Norwood & Montreal R. R. Co.*, 47 Hun, 489; *Matter of New York, W. S. & B. R. Co.*, 37 id. 317; *Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490;

*Harlem River & P. R. R. Co.* v. *Reynolds,* 50 id. 575; *Matter of Bronx Parkway Commission,* 192 id. 412; affd., 230 N. Y. 607.)

Other evidence was admitted which was clearly incompetent, but may be overlooked and disregarded under the above rule.

This brings us to the appeal of the claimants Casey and Eagan. They ask that the award as to them be sent back to the commission to permit that body to fix and include in the award the cost of moving certain personal property on the lands condemned to a new location, and the consequential damages to the residue of their land, occasioned by the city taking that portion which it needed for the public improvement. As before noted, these appellants are not entitled to be compensated for the expense of moving their personal property. Evidence was received of the damages accruing to the residue of claimants' property, and it is clear that the commission has taken such damages into consideration in making its award. There is nothing in the record to indicate that these appellants have not been awarded all that they were entitled to.

The awards to the various property owners for the property taken by the city should, therefore, be confirmed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Awards made to the various property owners confirmed, with costs to each of the property owners appearing by separate attorneys, with the exception of Messrs. Casey and Eagan, and as to them the award is confirmed, without costs.