## UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, ORANGE COUNTY, SOUTHERN DIST. OF NEW YORK et al.

District Court, S. D. New York.

Jan. 21, 1941.

See also, D.C., 36 F.Supp. 971.

John T. Cahill, U. S. Atty., of New York City (Harry T. Dolan, Sp. Asst. to Atty. Gen., and Edward H. Murphy, Sp. Atty. Dept. of Justice, both of New York City, of counsel), for petitioner-plaintiff.

Kopald & Haft, of Highland Falls, N. Y. (Abraham Kopald, of Highland Falls, N. Y., of counsel), for defendants.

CONGER, District Judge.

Motion made by plaintiff, the United States of America, for an order and judgment herein confirming and adopting the report of Commissioners of Appraisal heretofore appointed.

In this proceeding the United States of America seeks to acquire, by condemnation, certain lands situated in the Town of Highlands, Orange County, New York, in connection with the expansion of the United States Military Academy, at West Point, N. Y. One of the properties sought to be acquired is owned by Dominick Scozzafava, and consists of a tract of land of 31.98 acres, with certain improvements thereon.

Commissioners of Appraisal were duly appointed herein. The Commissioners qualified, viewed the property, held hearings, and now have filed their report. The Commissioners of Appraisal, by their report, have determined and fixed the sum of $4,803 to be the fair market value of the said real property of the said Dominick Scozzafava.

The owner, Dominick Scozzafava has objected to the award and to the confirmation thereof. He presents four objections, the third and fourth of which I shall dispose of first. I do not regard these objections as raising any legal objection to the confirmation of the award. I find against the land owner on these two objections.

The second objection may be disposed of very quickly. In defending his rights in this condemnation proceeding and in endeavoring to enable the court to fix a fair value on his said property, he claims he has been obliged to spend considerable sums of money for counsel fees, real estate experts, photographers and other incidental expenses. The costs and expenses incurred by an owner-defendant in a condemnation proceeding instituted by the United States cannot properly be an element of value to be considered in arriving at the value of the land taken. Had the Commissioners indicated by their report such an inclusion of expenses, I would have to set the award aside. Therefore I dismiss this objection as having no weight.

The main objection (First) is that the amount awarded by the Commissioners and fixed as the value of the property to be taken in this proceeding does not represent the fair market value of the property for all available uses, and purposes, and does not represent its fair market value for recreational development purposes, which the owner contends is the use which would make for the highest value and usefullness of the property.

The decisions of the courts, both State and Federal, are uniform in laying down the rule to guide Commissioners in assessing the value of property taken by condemnation. It may be generally stated as follows: "It is sufficient to say that the rule is well established in this state by an unbroken line of authority that the owner is to receive the full value of the land taken, not its value to the owner or to the person or corporation seeking to acquire it, but the market value of the property, which means the fair value as between one who wants to purchase and one who wants to sell. The landowner is not limited in compensation to the condition which the property is in at the time, or to the use which he makes of it, but is entitled to receive its market value for any purpose to which, in the judgment of the commissioners, it is adapted." Matter of Simmons (Ashokan Reservoir, Sec. No. 6), 130 App.Div. 350, 352, 114 N.Y.S. 571, 572, affirmed, 195 N.Y. 573, 88 N.E. 1132.

"In estimating the reasonable market value of the property at the time

it is acquired in proceedings of this kind, the owner is entitled to have considered the adaptability of the land to the purposes for which it could most profitably be used; but it is to be considered only so far as the public would have considered it, if the land had been offered for sale. What the owner is entitled to is the value of the property taken, and that is what it is fairly believed a purchaser in fair market conditions would have given for it in fact —what a purchaser who is not compelled to buy would pay under ordinary circumstances to a seller who is not compelled to sell. * * * But he is not entitled to have his damages based upon a plan of improvement that is speculative and fanciful." Matter of the City of New York (In re Inwood Hill Park), 197 App. Div. 431, 434, 189 N.Y.S. 642, 645, and see cases therein cited. The owner is entitled to show the most profitable use for which the property is available. Matter of the City of New York (In re Inwood Hill Park), 230 App.Div. 41, 243 N.Y.S. 63, affirmed 256 N.Y. 556, 177 N.E. 138; United States v. Chandler-Dunbar Co., 229 U.S. 53, 81, 33 S.Ct. 667, 57 L.Ed. 1063. But, while " * * * the owner of land is not limited in compensation to the use which he makes of his land, nevertheless it is the market value of the land which controls." New York C. R. R. Co. v. Maloney, 234 N.Y. 208, 218, 137 N.E. 305, 308.

Upon the hearing before the Commissioners there was a wide variance in the testimony as to the value of the land to be taken. The variance was caused by the question as to what the land was adaptable for. The theory of value advanced by the claimant was based on the assumption that this land was suitable and adaptable for camps, cottages and summer bungalow developments; and that there was a present and existing demand for such sites when so divided and developed; that said values were based accordingly upon the highest adaptable use of the property; that the property could be subdivided into parcels or lots; and these parcels or lots were thereupon valued at a certain amount. All of which, added together, produced the result and value claimed for by the owner's experts.

The experts of the landowner based their opinion for a fair market value on the assumption that the specific use claimed was the highest and best adaptable use and that there was a present existing demand for such cottages, camps and summer bungalows in the neighborhood of this property.

The government, on the other hand, through its witnesses, put a much lower figure on the property. The value placed on the property by the witnesses for the government was based on the land as it existed. The government further claimed that the special value placed thereon by the landowner and his witnesses was hypothetical, speculative, and not warranted by the facts, situation and condition of the property.

There was thus presented a question of fact. The Commissioners did not file an opinion, but I assume from the award that they did not follow the theory advanced by the expert witnesses of the landowner. Before proceeding further, I think I should set out the rule that governs me in a review of this kind.

The rule is as follows: The power of the court to review and set aside the report of the commission is confined within narrow limits. An award will not be set aside as excessive or inadequate unless it is obvious and clearly wrong or unless it is such as to shock the sense of justice of the court. Matter of Smith Street Bridge in City of Rochester, 234 App.Div. 583, 255 N.Y.S. 801. The court's power to review the report of the Commissioners in condemnation proceedings is very limited. Every intendment is in favor of the action of the commission, and an award will not be set aside for inadequacy unless it is obviously wrong or unless it is such to shock the sense of justice of the court. Adirondack Power & Light Corporation v. Evans, 226 App. Div. 490, 235 N.Y.S. 569.

I have viewed the property; have read the testimony, and I find no reason to change or interfere with the findings of the Commissioners. The Commissioners were intelligent men; one is a lawyer, another a real estate man, and the third is a supervisor of the county in which the property is situated. They viewed the property before they commenced their deliberations on at least two occasions, and again viewed it after the close of the testimony. I cannot say that in making this award the commissioners were arbitrary, that they were obviously wrong, or that their action shocks the court's sense of justice.

The Commissioners undoubtedly did disagree with the experts of the landowner

and decided that the property was not adaptable to the use advanced by the landowner, or that there was no demand for it.

■ The evidence of these experts was not binding on the Commissioners; it was advisory only. In making the award the Commissioners were not restricted to any species of evidence but entitled to use any information which it acquired, from an inspection of the premises, as well as from the evidence produced on the hearings.

There was evidence produced on behalf of the government which, if the Commissioners believed it, they might follow and it would, if they followed it, justify their award. The Commissioners might very well have regarded the use claimed by the owner as hypothetical, speculative or conjectural, and might very well have followed the decisions of the Court of Appeals of the State of New York in Sparkill Realty Corp. v. State of New York, 268 N.Y. 192, 197 N.E. 192; New York C. R. R. Co. v. Maloney, supra.

The landowner was given full opportunity with respect to developing his contention as to what he claimed was the most available and highest use of the property. Therein differs this case from the several cases cited to me by the attorney for the landowner, and in which cases the award of the Commissioners was set aside, for instance: Matter of City of New York (Voelcker v. City of New York), 230 App. Div. 41, 243 N.Y.S. 63, 67. In that case the landowner was prevented from showing that the property sought to be taken, although vacant, was available for use as a site for apartment houses. The court there said: "By the exclusion of the aforesaid testimony, the appellants were deprived of the right to submit proof of an element of value, which, under well-settled principles of law, they were entitled to have considered in determining the market value of the property taken." In this same case, however, is found authority for the rule that I am adhering to in this case: "The exclusion of evidence bearing directly upon this question, under fundamental principles, requires a reversal of the decree, because, as was well stated in the early case of Rochester & Syracuse R. R. Co. v. Budlong, 6 How.Prac. 467, 'We do not undertake to pass upon the amount of compensation awarded by the commissioners, whether it be too great or too small. Nor would we feel at liberty to interfere with the report upon that ground,

unless the evidence of injustice was palpable upon its face * * *.'"

I feel that the award should be confirmed. Settle order on notice.