UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, ORANGE COUNTY, SOUTHERN DIST. OF NEW YORK, et al.

District Court, S. D. New York.

Jan. 23, 1941.

John T. Cahill, U. S. Atty., of New York City (Harry T. Dolan, Sp. Asst. to Atty. Gen., and Edward H. Murphy, Sp. Atty., both of New York City, of counsel), for petitioner-plaintiff.

Peter Cantline, of Newburgh, N. Y., for defendants.

CONGER, District Judge.

Motion made by plaintiff, the United States of America, for an order and judgment herein confirming and adopting the report of Commissioners of Appraisal heretofore appointed.

In this proceeding the United States of America seeks to acquire, by condemnation, certain lands situated in the Town of Highlands, Orange County, New York, in connection with the expansion of the United States Military Academy, at West Point, N. Y. One of the properties sought to be acquired is owned by Margaret C. Lehmann, and consists of a tract of land of approximately 94 acres, with certain improvements thereon.

Commissioners of Appraisal were duly appointed herein. The Commissioners qualified, viewed the property, held hearings, and have filed their report. The Commissioners of Appraisal, by their report, have determined and fixed the sum of $8,742 to be the fair market value of the said real property of the said Margaret C. Lehmann.

The owner, Margaret C. Lehmann, has objected to the award and presents two objections as follows:

First, that the amount of the award is inadequate, unfair, confiscatory and does not represent the actual market value of the premises taken.

Second, that the said Commissioners in arriving at the amount so reported by them as aforesaid did not take into consideration as elements of value those uses to which the property involved may be put in order to produce its highest value.

I shall discuss the two objections together, inasmuch as they present practically the same contention. Specifically, however, as to the second objection, I have this day handed down a decision in which I have gone in detail this same contention. See United States v. Certain Lands, etc., and Dominick Scozzafava, D. C., 36 F.Supp. 968. What I said there on this point applies here.

The commissioners were intelligent men; one is a lawyer, another a real estate man, the third is a supervisor of the County in which the property is situated. They viewed the property both before and after testimony was taken.

The power of the court to review and set aside the report of the commission is confined within narrow limits. An award will not be set aside as excessive or inadequate unless it is obviously and clearly wrong or unless it is such as to shock the sense of justice of the court. Every intendment is in favor of the action of the commission. Matter of Smith Street Bridge in City of Rochester, 234 App.Div., 583, 255 N.Y.S. 801; Adirondack Power & Light Corporation v. Evans, 226 App.Div. 490, 235 N.Y.S. 569.

I have viewed the property, read the testimony, and I can see no reason to change or interfere with the findings of the Commissioners. I cannot say that in making this award that they were arbitrary, or that they were obviously wrong, or that their action shocks the court's sense of justice. Neither can I say that they adopted the wrong method of computing the damages to the landowner by reason of this taking.

The property owner here contended and attempted to prove by her witnesses a special use of the property. Mr. Ruge, one of her expert witnesses, testified that the property would produce its greatest value if it were developed into tracts which would contain some two or three acres apiece, and those tracts to be sold for the purpose of having built upon them rough bungalows, thus affording the purchaser outdoor recreational facilities in a highly desirable section.

Mr. Brown, the other expert for the landowner, gave, as his opinion, that he considered its highest value was from a recreational standpoint. He testified that he reached his value by dividing the land into various types of acreage.

The two expert witnesses for the government, however, were of the opinion that the property had its highest value if its present use was continued.

There was quite a variance between the values placed on the property by the experts of the landowner on the one hand, and the experts of the government on the other. This was undoubtedly due to the different theories upon which the experts based their

opinions. The experts of the landowner based their value of the property on its recreational possibilities. The experts for the government placed their value on its present use.

The evidence of these experts was not binding on the Commissioners, it was advisory only. In making the award the commissioners were not restricted to any species of evidence but entitled to use any information which they acquired, from an inspection of the premises, as well as from the evidence produced on the hearings.

There was evidence produced on behalf of the government which, if the Commissioners believed, they might follow and it would, if they followed it, justify their award. The Commissioners might very well have regarded the use claimed by the owner as hypothetical, speculative, or conjectural, and might very well have followed the decisions of the Court of Appeals of the State of New York in Sparkill Realty Corp.· v. State of New York, 268 N.Y. 192, 197 N.E. 192; New York C. R. R. Co. v. Maloney, 234 N.Y. 208, 137 N.E. 305.

The landowner was given full opportunity with respect to developing her contention as to what she claimed was the highest value to which her land was adaptable. After hearing the evidence, viewing the property, the Commissioners gave their judgment as to the value of the land, which is the sum heretofore stated.

I cannot say that this award was clearly wrong or unjust. The award therefore is confirmed. Settle order on notice.