## UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, ORANGE COUNTY, N. Y., et al.

District Court, S. D. New York.
May 6, 1942.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for plaintiff.

Scott & Sneed, of Newburgh, N. Y. (Charles W. U. Sneed, of Newburgh, N. Y., of counsel), for defendants Clark.

CONGER, District Judge.

Motion by the petitioner-plaintiff, United States of America, for an order and judgment herein confirming and adopting the report of commissioners of appraisal, heretofore appointed and fixing and determining the amounts awarded by said commissioners to represent the fair value and just com-

pensation which should be paid for this taking by the plaintiff of certain lands situate in the County of Orange.

The commissioners passed on and placed a value on five parcels. Objection is made to the award for only one parcel, to wit—parcel designated on the map as Parcel A, No. IV, for which the commissioners awarded the sum of $11,500.

Defendants contend that this sum does not adequately compensate the owners for the taking; that this sum only represents the value of the land or surface value and does not take into consideration a deposit of iron ore beneath the surface, which defendants assert has a present value of $149,654.18.

I assume that in fixing the value of the property, the commissioners did take into consideration the presence of this body of ore. I am confirmed in this by letter written by the Chairman of the Commission to the attorney for the defendants. I quote from the letter: "The Commission decided that the presence of the ore did not enhance the market value of that Parcel." (Parcel A).

The question therefore before me is whether or not this deposit of iron ore adds to the value of the land taken. The commissioners have decided that it does not.

It seems to me that there was presented a question of fact and which question of fact the Commission decided against defendants.

The defendants were given full opportunity with respect to developing their contention as to the value of the land based on the land or ground value plus the value of the mineral deposit. After listening to the experts for both sides and after viewing the premises, the commissioners decided that the mineral deposit did not enhance the value of the property. If the commissioners have erred, they have not done so because they have adopted the wrong theory of fixing values. Their error if any is one of fact.

▮ The rule which governs me in reviewing the action of the commissioners is as follows. The power of the court to review and set aside the report of the commission is confined within narrow limits. An award will not be set aside as excessive or inadequate unless it is obvious and clearly wrong or unless it is such as to shock the sense of justice of the court. Matter of Smith Street Bridge in City of Rochester, 234 App.Div. 583, 255 N.Y.S. 801. The court's power to review the report of the Commissioners in condemnation proceedings is very limited. Every intendment is in favor of the action of the commission, and an award will not be set aside for inadequacy unless it is obviously wrong or unless it is such to shock the sense of justice of the court. Adirondack Power & Light Corporation v. Evans, 226 App.Div. 490, 235 N.Y. S. 569.

The Commission was composed of intelligent, practical men; the chairman was a lawyer of high standing in his community (Orange County).

▮ In making the award the commissioners were not restricted to any species of evidence but entitled to use any information which they acquired from an inspection of the premises as well as from the evidence produced on the hearings.

▮ In fixing the value of this parcel, the commissioners placed one value on the land with no separate finding as to the minerals. In this they were correct. The unmined mineral deposit is a part of the land and not separate from it. They did pass on the value of the land with this mineral deposit in it but were of the opinion that the land was not more valuable by reason of its presence.

▮ I cannot say that the Commissioners were clearly wrong; I cannot say that the award was so inadequate that it is obviously wrong; neither can I say that this award is so inadequate that it shocks the conscience of the Court.

I have come to the conclusion that the defendants have adopted a wrong theory as to value and that their theory, if followed by the commissioners, would be purely speculative. See New York C. R. Co. v. Maloney, 234 N.Y. 208, 137 N.E. 305.

It must be borne in mind that no active mining operations have been carried on on this property since 1931. There is here simply a deposit of ore which is at least 2300 feet under the ground and which dips further underground as it goes along. There was a lease on this property to mine which was cancelled in 1936. All of the former plant equipment for the crushing, separation and marketing of the ore was torn down, dismantled and salvaged. The only outlet for the ore from this property is over and through the old mine shaft through lands now owned by the Government. The railroad extending from this former mine to the river has been abandoned, the tracks torn up and the rails disposed of.

▮ The defendant contends and attempted to prove by an expert that there was

an estimated deposit of ore of 1,056,000 gross tons. That there had previously been a lease of this property which provided for a royalty payment of fifteen cents for each gross ton which the lessee should take from the lands; that a twenty cent royalty on the ore shipped is the royalty price now commonly paid; that this estimated tonnage of ore at twenty cents a ton aggregates $211,200; that based on an output of 93,000 tons a year, which was the expert's recollection of the previous tonnage mined, it would take eleven and one-half years to mine and market the iron ore; that accordingly there would be paid to the owners royalties of $18,365 a year; that this sum, to wit $18,365 a year for eleven and one-half years, would have a present value on the annuity tables of $149,654.18, which defendants contend is the present value of the ore in the Clark property and which sum they are entitled to in addition to the value of the land without the ore. I cannot help but feel that this is not the proper method of computation of the value of this property. It falls very well within the rule laid down in the Maloney case, supra.

Sparkill Realty Corporation v. State of New York, 254 App.Div. 78, 4 N.Y.S.2d 679, 682, affirmed 279 N.Y. 656, 18 N.E.2d 301, is not authority, in my opinion, for defendant's theory of valuation. There the enhancement to the property was a quarry upon which at the time of the taking there was a substantially completed plant which conformed in design, material and arrangement to modern, efficient methods of stone crushing. It was well designed, equipped and adequate. There testimony was taken and allowed as to the amount of cubic rods of trap rock which could be taken from the quarry annually. Many other details were allowed in evidence as to the quality of the stone, the cost of the plant and equipment when completed. Various other data and figures as to the operation of the quarry were allowed but these were only allowed as items comprising and composing the elements which went to make up the value. I quote from the above case: "In order to arrive at an estimate of the fair market value of the property in question all those things which would be considered by a buyer and seller, neither under compulsion, neither having an advantage over the other, must be taken into consideration by a witness competent to assemble, weigh and translate them into dollars and cents."

There experts testified as to what the value of the land was at the time of the taking, using the various items heretofore referred to, in arriving at their figure. In the last analysis it is the value of the land which counts.

Here no one testified what the value of the land was at the time of the taking assuming that it had beneath the surface this deposit of ore. Instead defendants in the manner heretofore described attempted to prove the value of the mineral ore under the land and here contends that that should be added to the $11,500 which the commission herein awarded.

I see no reason to set aside the award as made.

Report of Commission confirmed.