Donald S. Taylor, J.
The City of New York moves to confirm the third separate report of commissioners of appraisal in connection with the condemnation proceedings in the' county of Sullivan for the acquisition of an additional water supply. The right and easement in perpetuity to divert and impound all the waters of the Never sink River at the site of the Never sink Dam subject to certain release flow provisions incorporated in the appointing order of the court by stipulation were acquired in the proceeding.
The claimants Berger, the While-a-Way, Inc., Altman and Charnak who were downstream riparian owners object to the confirmation of the report and cross-move for its rejection upon the grounds that the awards which were made for the damages *39 sustained by them through the diversion were based upon erroneous principles of law and were so shockingly inadequate that the court in good conscience should set them aside. Two of them operated summer hotels and the others maintained summer bungalow colonies on their respective parcels. The compensation which the commissioners directed the city to make to the owners ranged from a high of $8,500 to a low of $4,000.
The claimants’ basic thesis is that to make them whole after the diversion it would be necessary to construct artificial bathing and swimming pools on their respective premises to replace the natural facilities of like character which the river had provided. They contend that the minimal awards should have been not less than the cost of the construction of such replacement facilities and of their maintenance and operation for a period of five years which a professional engineer sworn in their behalf estimated would require expenditures ranging from a low of $21,770 to a high of $30,690 and that under the extraordinary circumstances which the acquisitions presented the employment of any other compensatory formula did not justly and adequately indemnify them for their losses and was tantamount to the adoption of an erroneous principle of law in fixing their damages.
The power of the court to reject and set aside the report of commissioners of appraisal in a condemnation proceeding is confined to narrow limits. Every intendment is in favor of the action, of the commissioners. Awards will not be set aside for inadequacy unless they are so obviously and clearly wrong that they shock the sense of justice of the court or have been reached upon a wrong theory to the prejudice of one of the parties. (Matter of City of New York, 198 N. Y. 84; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583; Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490, 493.)
The voluminous record presents questions of fact which it was the duty of the commissioners of appraisal to resolve. They inspected the river, the claimants’ properties, the watershed and the general terrain. They had the opportunity of observing the witnesses who expressed the widely divergent opinions. The question of the reasonable necessity for the construction and operation of artificial bathing and swimming facilities to replace such as had existed naturally in the river before the diversion was sharply litigated at the trial. The commissioners were not bound to accept the recommendation of the claimants’ witness Levine in that regard under pain of the employment of an erroneous theory in fixing the damages. The court cannot say that their awards were so inadequate as to shock its sense *40 of justice. Nor were they reached upon erroneous principles of law or improper evidence. Under such circumstances within the contemplation of the authorities the reached conclusions of the commissioners should not be overruled and the court’s judgment substituted for theirs. (Matter of City of New York [Rockaway Beach], 288 N. Y. 75; Matter of Board of Water Supply, 277 N. Y. 452; Matter of Board of Water Supply, 211 N. Y. 174; South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301; Matter of Huie, 283 App. Div. 678; Matter of Huie, 282 App. Div. 819; Town of Fallsburgh v. Silverman, 260 App. Div. 532, affd. 286 N. Y. 594; Municipal Housing Authority for City of Yonkers v. Adels, 116 N. Y. S. 2d 707; Adirondack Power & Light Corp. v. Evans, supra; Matter of City of Rochester [Smith St. Bridge], supra.) The petitioners’ motion to confirm the report as to the above-named claimants is granted and their cross motion to reject it is denied, without costs.
Settle form of order on notice of three days.