Feoessel, J.
This proceeding was commenced under title K of chapter 41 of the Administrative Code of the City of New York, known as the Water Supply Act, to acquire property for the purpose of constructing in Delaware County a reservoir that will provide New York City with an additional supply of *170 water. The commissioners of appraisal unanimously awarded claimant $35,000. Because it thought the award was 25% too high, Special Term rejected the commissioners’ report, and ordered a new hearing unless claimant stipulated to accept $28,000. The Appellate Division unanimously reversed, and granted claimant’s cross motion to confirm said report.
The city asserts that “ The sole issue presented by this appeal relates to the quantum of the award of $35,000 to the claimant ”. (Emphasis supplied.) The question presented to us is whether there is any competent evidence to support the determination of the appraisers (Matter of Huie [Merrill — City of New York], 306 N. Y. 951).
The position of commissioners of appraisal in our legal system is a somewhat unique one. They have been a part of our condemnation procedure for well over a century, having been originally provided for in the Constitution of 1846 (Report of New York State Constitutional Convention Committee, 1938, Yol. 6, p. 122). They are given wide latitude in arriving at their determination (Matter of Thompson, 121 N. Y. 277, 279; see Matter of City of New York [A. & W. Realty Corp.], 1 N Y 2d 428, 432). In addition to hearing the proofs of the parties, they are required to view the real estate (Administrative Code, § K41-12.0). While their determination cannot be without any support in the record (Matter of Simmons [Ashokan Reservoir], 132 App. Div. 574, 576), the commissioners are not bound by the opinions of expert witnesses (Matter of Bronx Parkway Comm. [Farley], 192 App. Div. 412, 418, affd. 230 N. Y. 607; Matter of City of New York [Inwood Hill Park], 197 App. Div. 431, 435); even a jury may disregard uncontradicted expert testimony (Commercial Cas. Ins. Co. v. Roman, 269 N. Y. 451, 456). Appraisers are, in general, “ untrammeled by technical rules of evidence ” (Matter of Town of Guilford, 85 App. Div. 207, 211), and may use their own judgment and experience as well as information obtained from a personal inspection of the property (Matter of Thompson, 121 N. Y. 277, 279, supra; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 585; see Administrative Code, § K41-12.0).
The commissioners also have wide discretion as to the factors upon which they may base their determination of value. The Constitution provides only that the owner receive “just compensation ” for the property taken (N. Y. Const., art. I, *171 § 7, subd. [a]); the Administrative Code (§§ K41-12.0, K4113.0) provides for “ just and equitable compensation which ought justly to be made by the city”. In the determination of that just compensation, there is no single element which is controlling, and it is competent for the commissioners of appraisal to consider all factors indicative of the value of the property, such as its fair market value as of the date of appropriation (Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452, 456-458), the reproduction cost of improvements less depreciation (Matter of City of New York [Blackwell’s Is. Bridge], 198 N. Y. 84), sales of similar property (Village of Lawrence v. Greenwood, 300 N. Y. 231, 235), location (Matter of Board of Water Supply of City of N. Y., supra, p. 458), income (id.; see, also, Onondaga County Water Auth. v. New York Water Service Corp., 285 App. Div. 655, 662), highest suitable use (Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, 82, affd. 279 N. Y. 656), and consequential damages to property not taken but affected by the condemnor’s use (South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301). “ Omission of an attempt to enumerate all is of no consequence here. It would be a difficult and unsatisfactory venture. No single element standing alone is decisive ” (Matter of Board of Water Supply of City of N. Y., supra, p. 458).
The power of the courts to review an award of the commissioners is strictly limited, and every intendment is in favor o'f the action of the commission (Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490, 493). The Supreme Court at Special Term cannot modify their award, but must either confirm or reject their report (Administrative Code, §§ K4116.0, K41-23.0). This is not the case of a review by the court of a verdict of a jury (Adirondack Power & Light Corp. v. Evans, supra). The courts will reject a determination of the commissioners only for irregularity in the proceedings, or if based on an erroneous principle of law (see Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 155), or, if it “ shocks not only one’s sense of justice, but one’s conscience ” (Matter of City of New York [Old Third Ave.], 241 App. Div. 13, 16, appeal dismissed 265 N. Y. 503; see Adirondack Power & Light Corp. v. Evans, supra; Matter of Huie [Merrill — City of New York], supra; Matter of Cibulas v. Village of Menands, 266 App. Div. 895).
*172 "With, these principles in mind, we do not see how we may disturb the order appealed from, since there is ample evidence to support the award o'f the commissioners of appraisal.
Claimant’s property, designated as parcel 2259, was located on the corner of Main and Biver Streets, in Shavertown, Delaware County. It consisted of 0.387 acre of land, on which two separate structures were situated. The principal structure was a two-story frame building with a one-story addition in the' rear and a cellar. The main floor was used as a general country store and post office and contained five rooms. The second story was used as a residence by claimant and contained a living room, dining room, bathroom, kitchen, sewing room and three bedrooms. The other structure, called the warehouse, was located on the opposite side of a road dividing the property, and consisted of four connected buildings, a garage, a photo studio, and two storerooms.
The city’s expert testified that the property “ is the social center of the village, it is the information center of the village, it is the commercial center of the village — I believe it is the center of the village ”. Moreover, it was described by him as one of the most desirable commercial plots in Shavertown, with river frontage. The store was the only one o'f its kind in Shavertown which, as described by claimant’s expert, served as the shopping center for the farmers of the area, and was well known as a trout fishing spot by fishermen throughout the East and all over America.
The estimates of value by the experts for the parties, the commissioners of appraisal and the court are as follows:
Claimant’s expert, as to the reconstruction cost of buildings: $25,205.34; claimant’s real estate expert, as to land and buildings: $46,000; city’s real estate expert, as to buildings: $12,400, land $600, total $13,000; commissioners’ award: $35,000; Special Term value: $28,000.
The city contends that the award is excessive “asa matter of law ” for two reasons: first, that it is greater in amount than the value of the land plus the reconstruction cost of the improvements thereon less depreciation; and, second, that it is not supported by legally sufficient evidence.
In support of its first contention, the city cites the rule enunciated in People ex rel. Manhattan Sq. Beresford v. Sexton (284 N. Y. 145, 149) that “ In assessing an improvement upon *173 real estate for tax purposes the maximum value which ordinarily may be placed upon it is reconstruction cost less depreciation * * * at least in the absence of extraordinary circumstances ” (emphasis supplied). Since then, this rule has been reiterated by us several times (People ex rel. Hotel Paramount Corp. v. Chambers, 298 N. Y. 372, 375; People ex rel. Parklin Operating Corp. v. Miller, 287 N. Y. 126, 130), but only in tax assessment cases.
The rule has not been applied in condemnation proceedings. As a matter of fact, until our decision in Matter of City of New York (Blackwell’s Is. Bridge) (198 N. Y. 84, supra), evidence of reconstruction cost was not even admissible in condemnation proceedings. Moreover, that case made it clear (p. 87) that such evidence was “by no means a conclusive test as to the market value of premises condemned for public use ” (emphasis supplied). Subsequent cases have employed reconstruction cost only as another factor to be considered (Onondaga County Water Auth. v. New York Water Service Corp., 285 App. Div. 655, supra; Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 586, supra; Matter of City of New York [School of Ind. Arts], 2 Misc 2d 403; Cookingham v. Village of Richfield Springs, 140 Misc. 760, 762).
Tax assessment and condemnation proceedings are essentially different in their nature. In tax cases, a separate valuation is made of land and improvements. In condemnation proceedings, on the other hand, land and improvements are not required to be valued separately (Administrative Code, § K41-13.0). Moreover, as heretofore pointed out, the commissioners are required to inspect the property, and may act not only upon the proofs, but upon information obtained as the result of such personal inspection, coupled with their own judgment and experience.
In the case before us, there is no indication as to what portion of the award was for land and what portion for improvements. We have no right to guess that the commissioners adopted the reconstruction cost less depreciation as the value of the improvements and the balance of the award as the value of the land. Nor does it serve any useful purpose to say that an award for a fraction of an acre seems large when one places a corresponding value on an entire acre, since the fraction may be by far its choicest part. The testimony of the city’s expert *174 that the value of the land was $600 is not, as the city contends, the only evidence in the case as to land value, for the appraisal of claimant’s concededly qualified real estate expert included both land and improvements.
Upon hearing all the testimony and upon a personal view of the premises, the commissioners determined, as so often happens in condemnation cases, that they would not adopt entirely the appraisals of any of the witnesses, and made an award somewhere between their estimates. Clearly there is evidence in the record to support this determination. It is essentially one where judgment and discretion are based on the facts before it plus a personal inspection of the premises. A mere difference of opinion between the court and the commissioners is not enough, for the cases have consistently held that the award must shock the conscience of the court before it may be rejected. It is difficult to understand how upon this record the sense of justice of Special Term could be shocked by an award of $35,000 but not by $28,000. The value of real estate cannot be determined with such precision.
The city’s final contention is that, aside from the fact that it greatly exceeds reconstruction cost less depreciation, the award is excessive as a matter of law because the only testimony upon which it could possibly be based was that of claimant’s real estate expert, which is ‘ ‘ mere naked opinion ’ ’, and, consequently, legally insufficient to sustain the award. The qualification of this witness was stipulated to by the city. His testimony included a complete description of the property, its physical condition, its location, and its highest suitable use. He testified that, in forming his opinion as to the fair market value of the property, he took into consideration all of these factors, as well as three sales of comparable property which he designated by name, all located in the same county. The city’s expert testified as to comparable sales outside of Delaware County, 50 to 60 miles from claimant’s property, and confessed ignorance as to the sales testified to by claimant’s expert. Examination of the testimony of claimant’s expert, summarized above, demonstrates that it was more than “ mere naked opinion ”. His failure to give details as to the comparable sales which he considered does not render his testimony in this respect worthless, for the city could have elicited the details on cross-examination, which is the customary procedure in condemnation cases, but failed to do so.
*175 Moreover, until our decision in Village of Lawrence v. Greenwood (300 N. Y. 231, 235, supra, overruling Robinson v. New York El. R. R. Co., 175 N. Y. 219), evidence of other sales was not admissible at all on direct examination because it presented too many collateral issues. It is just another one of the factors which may be considered in arriving at a determination of value. No single factor is decisive.
Of course the evidence produced by both sides was conflicting, but we have no right to weigh the evidence, even though we thought the award here was too liberal. It was substantially less than the estimate set by claimant’s expert, and substantially greater than that testified to by the city’s. Inasmuch as the award falls within the range of the experts ’ differing valuations and was predicated on relevant factors, there appears to have been no valid basis for Special Term’s rejection thereof (Adirondack Power & Light Corp. v. Evans, supra; Matter of City of New York [Croton Riv. Dam], 129 App. Div. 711; see Matter of City of New York [Fourth Ave.], 255 N. Y. 25, 33; 6 Nichols on Eminent Domain [3d ed.], § 26.731, subd. [2]; 1 Orgel on Valuation under Eminent Domain [2d ed.], § 130). We may not disregard the fact that the commissioners, one of whom was a resident of the city of New York (Administrative Code, § K41-9.0), saw and heard the witnesses and viewed the premises, and we do not see how we can say as a matter of law that their award is so obviously wrong that it shocks the sense of justice or the conscience of the court. We are therefore of the opinion that the evidence in this record, as in Matter of Huie (Merrill — City of New York) (supra), involving the same project, is legally sufficient to sustain the award.
Accordingly, the order of the Appellate Division should be affirmed, with costs.