■ In the Matter of the Estate of WILLIAM KASSEBOHM, Deceased. EMMA S. KASSEBOHM, as Administratrix of the Estate of WILLIAM KASSEBOHM, Deceased, Appellant; ALFRED J. JENNINGS, Respondent.— Appeal from a decree of the Surrogate's Court, Saratoga County, remitted to the Appellate Division by the Court of Appeals for consideration of the facts. Upon remission of this appeal by the Court of Appeals (2 N Y 2d 153), the court determines that the decree and findings of the Surrogate be reversed on the facts; and directs delivery by respondent Jennings of the sum of $8,000 with interest to the administratrix, with costs. The court makes the following findings of fact: " That in the delivery of money from decedent William Kassebohm to respondent Alfred J. Jennings it was not the intention of the parties that such delivery constituted a gift or transfer of title to Alfred J. Jennings, but it was intended by them that Alfred J. Jennings was the depository of such money for the convenience of William Kassebohm and that the deposit was to be subject to his order and direction ". The order to be entered shall provide also that the memorandum of this court (286 App. Div. 932) is referred to therein. Settle order. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ TROY HOUSING AUTHCRITY, Appellant, v. CLEMENTE BROTHERS INCORPORATED, Respondent, et al., Defendant. — Appeal by the Troy Housing Authority from an order confirming the report of Commissioners of Appraisal, awarding the respondent the sum of $162,131, with interest and costs, as compensation for property condemned by the Authority. The condemned premises were situated on the east side of the Hudson River in Troy, New York, and had been used by the respondent as a plant for the manufacture of concrete. The principal point raised by the appellant upon this appeal is based upon the fact that the only expert witness for the respondent who testified to a valuation in an amount sufficient to sustain the award, admitted on cross-examination that he had taken into consideration, in valuing the property, the fact that the buildings thereon had been operated as a going plant and that the business had been profitable. There is no showing that he had taken into account the amount of the profits or that he had added any element of good will or going concern value to his valuation of the land and buildings. There is no showing that any such elements were taken into account by the commissioners in their determination. The amount of the award is substantially less than the amount given by the expert witness, whose testimony is under attack, for the value of the land alone. While no allowance may be made for the loss of profits in a condemnation case, we know of no rule which forbids an expert to take into account the fact that the business conducted on the premises was a profitable one. On the contrary, it seems clear that the expert may properly consider this fact as tending to show that the property could be, and had been, adapted to a use which could be profitably carried on. In our opinion, this is wholly consistent with the holding of the court in Banner Milling Co. v. State of New York (240 N. Y. 533) upon which the appellant relies. (See Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, affd. 279 N. Y. 656; Glenn & Mohawk Milk Assn. v. State of New York, 2 A D 2d 95.) We are therefore constrained to reject the contention of the appellant that the award was based on an erroneous theory of law. So far as the amount of the award is concerned, we see no reason to disturb the finding of the commissioners, under the rule that their judgment is conclusive unless the amount of the award is so excessive as to " shock the sense of justice of the court " (Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 585). Order appealed from affirmed, with $10 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.