Charles M. Hughes, J.
The above-appearing defendant has moved this court for an order confirming the report of the Condemnation Commissioners, dated August 31,1962. On the return of the motion, the city appeared and stated that objections were being offered to awards made as to certain parcels upon which the commission had made awards, and included among them was the parcel now before the court, the grounds being that the award was clearly against the weight of evidence.
The court has read the report of the Commissioners and is impressed by the fact that almost 1,400 pages of testimony were taken in this particular proceeding and that all elements in connection with the damages sustained by the owners were considered. In fact, the commission stated, and I quote:
“ Parcel 8 is by far the most valuable property taken in the current Urban Renewal Project with the exception only of the former High School property, and involved a hotly contested controversy which centered about a difference of $50,000.00 between the plaintiff’s valuation of $30,000.00 and the owner’s valuation of $80,000.00.
“ Such difference was principally accounted for because of the plaintiff’s contention that laundromat equipment that was permanently annexed to the building and had become a part of the building at such premises and even such things as plumbing and electric wiring that likewise were annexed to and became a part of such building and other equipment and improvements installed and made by the owner — all at a cost approaching $50,000.00 should not be considered in appraising the property.”
Apparently, the commission, in reading the report, took into consideration the legal status of the building and equipment, and, accordingly, made its determination.
It is true that there is a wide variance as between the values placed upon the property by the respective litigants, namely, that upon the part of the city in the amount of $30,000 and that upon the part of the owner of $80,000. The premises in question were completed for the purpose of establishing a modern laundromat near to the heart of the City of Schenectady in an area of valuable property as determined by the commission.
This matter of variance as to values has been before the courts and has been determined by the courts on many occasions, and particularly so in the leading case of Matter of Huie (Fletcher — City of N. Y.) (2 N Y 2d 168).
*302 It must be borne in mind that the Commissioners have a wide discretion as to factors upon which they may base their determination of value. The determination of value has many facets that must be taken into consideration, none of which standing alone is controlling. The Commissioners had a duty to arrive at a value — that is, market value as of the date of appropriation. The Commissioners had other factors to consider such as sales of similar property, reconstruction cost less depreciation, opinions of other expert witnesses as well as their own determination based on a personal view of the real estate. This is but only a partial enumeration of the factors to be considered.
The power of the courts to review an award of Commissioners is strictly limited, and every intendment is in favor of the action of the commission. (Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490, 493.) A mere difference of opinion between the court and the Commissioners is not enough, for the cases have consistently held that the award must shock the conscience of the court before it may be rejected. (Matter of Huie [Fletcher — City of N. Y.], supra, p. 174.)
The Constitution provides that the owner receive ‘ just compensation ” for the property taken (N. Y. Const., art. I, § 7, subd. a). This court has examined the report of the Commissioners and the cases cited by the parties, and it is the opinion of this court that the evidence in this record is legally sufficient to sustain the awards. (See Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452; Matter of Huie [Merrill — City of N. Y.], 306 N. Y. 951.)
An order may be submitted on notice, confirming the award of the Commissioners in reference to the above Parcel No. 8.